EMERY THOMPSON MACHINE AND SUPPLY COMPANY *v.* EDWARD L. GRAVES.

Third Judicial District, New Haven, June Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Under a contract of sale which is entire and indivisible, a buyer may exercise his contract right to return all of the apparatus sold, if upon trial it turns out to be unsatisfactory, but he cannot accept a part and reject the rest, and thereby impose a new and different contract upon the vendor.

While a sale subject to the buyer's satisfaction is not complete until he signifies his approval, it is not essential that such approval should always be expressed by words. Unless otherwise agreed, the vendee is bound to exercise his privilege of examination or trial within a reasonable time, and his failure to reject or return the goods, or his continued use of them after such reasonable time has elapsed, is evidence of an election to accept, which, though not conclusive,

requires satisfactory explanation; and it is within the power of the trier to find acceptance as an inference of fact from the continued retention and use of the article by the buyer, notwithstanding his refusal to pay for it on the ground that it was not satisfactory.

Argued June 16th—decided July 27th, 1916.

ACTION to recover the price of two ice-cream machines alleged to have been sold and delivered to the defendant, brought to and tried by the Court of Common Pleas in Fairfield County, *Wilder, Acting-Judge;* facts found and judgment rendered for the plaintiff for $759, and appeal by the defendant. *No error.*

The plaintiff, a manufacturer of ice-cream machinery, delivered to the defendant certain apparatus described as follows in the written contract: "Two 1914 type brine ice cream machines with ice and salt brine tank complete, delivered F. O. B. New York, including No. 1½ centrifugal pump and installation. One machine to be returned as per agreement for which I promise to pay you six hundred dollars."

The court finds that the words "as per agreement" refer to an oral agreement that the freezers would operate in a manner satisfactory to the defendant.

The sale was upon condition that the machinery should remain the property of the vendor until fully paid for. The original price was $700, of which $600 was to be paid in cash and $100 allowed for the return of an old machine by the defendant. The defendant has made no payment and has not returned the old machine.

While the apparatus was structurally and mechanically perfect, it did not make as much ice-cream in as short a time as the apparatus which it replaced, and for that reason was not satisfactory to the defendant. The apparatus was installed in the defendant's place of business early in June, 1914. The freezers were op-

erated until the middle of July, 1914, and then laid aside as unsatisfactory, but the defendant continued to use the brine tank and pump in connection with his old freezers until shortly before this action was brought in March, 1915. Early in February, 1915, the defendant notified the plaintiff that owing to continued dissatisfaction he declined to accept the machinery, and that it was held subject to the plaintiff's order.

*Carl Foster*, for the appellant (defendant).

*Edward K. Nicholson*, for the appellee (plaintiff).

BEACH, J. The principal question is whether the continued use of a part of the machinery for about nine months amounts to a waiver of the right to reject the whole of it as unsatisfactory.

The contract is on its face entire, and the parties have so treated it in their correspondence and on their briefs. It follows that the defendant had the right to reject the whole apparatus upon finding the freezers unsatisfactory. But he had no right to accept one part and reject the rest, for that would impose a new contract on the vendor. He also had the right to test the machinery by using it for so long as was reasonably necessary in order to find out whether it was satisfactory or not. The unsatisfactory operation of the freezers was ascertained about the middle of July, when they were discarded and not thereafter used. Nevertheless the defendant continued to use the brine tank and pump which were capable of use with other freezers.

The defendant's brief attempts to reconcile this continued use with the subsequent rejection of the whole apparatus, on the ground that the brine tank and pump were mere accessories and were used several months with old freezers on the assumption that the plaintiff

would eventually cause the new freezers to operate satisfactorily.

Neither of these claims of fact is supported by the finding. The pump and tank were parts of the complete apparatus contracted for, and it does not appear that they were relatively unimportant in function or cost. Nor does it appear that either the plaintiff or the defendant expected to make any additional attempts to cause the freezers to operate satisfactorily, after the middle of July. On the contrary, the findings, and the correspondence, up to the defendant's final letter of rejection, show that the plaintiff claimed to have fully performed its contract, and on that ground made repeated demands for payment, beginning September 1st; and that the defendant claimed that the machinery had been laid aside and was not in use.

The defendant's claim that a sale on satisfaction is a contract upon a condition precedent, and does not become a sale until the vendee signifies his approval, is quite correct; but the vendee may signify his approval otherwise than by words. When no time is agreed on for that purpose, the law requires such a vendee to exercise his privilege of examination or trial within a reasonable time, and his failure to reject or return the goods, or his continued use of them after such reasonable time has elapsed, is evidence of an election to accept, which, though not conclusive, requires satisfactory explanation. Elliott on Connecticut Law of Sales, pp. 307–309; Public Acts of 1907, Chap. 212, § 48, p. 777.

*C. & C. Electric Motor Co.* v. *D. Frisbie & Co.*, 66 Conn. 67, 33 Atl. 604, is directly in point. There, as here, the only evidence of acceptance was the continued retention and use of the article by the defendant, who had always refused to pay for it on the ground that it was not satisfactory, as it was agreed that it should be, and we said, on p. 91: "It was in the power of the court

to find acceptance as an inference from acts and transactions proven, *Dubuque* v. *Coman,* 64 Conn. 479 [30 Atl. 777], and such inference might be drawn and such acceptance exist, notwithstanding the party held to accept, himself refused to recognize that he had done so. *Brown* v. *Foster,* 108 N. Y. 390 [15 N. E. 608]. Not only do actions sometimes speak more loudly than words: they also speak to a different purport and effect."

In this case the testing of the freezers was completed and their unsatisfactory operation definitely ascertained by the middle of July; and the continued use of the brine tank and pump for six months thereafter, in the face of the plaintiff's demands for payment, is evidence from which the trial court was quite justified in finding that the defendant had waived his right to return the whole apparatus, and had elected to accept it.

The questions of evidence discussed on the brief are not founded upon any assignments of error.

This disposes of all the assignments of error except the ninth, which relates to the measure of damages, and that is answered by the special finding, that the original price of the machinery was $700, of which $100 was to be allowed for the return by the defendant of an old machine, which was not returned.

There is no error.

In this opinion the other judges concurred.