HENRY D. FILLMORE ET AL. *vs.* P. GARVAN, INC.

First Judicial District, Hartford, January Term, 1922.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

A buyer of merchandise has a reasonable time after its delivery to examine the goods to ascertain whether they conform to the contract, before he can be deemed to have accepted them; but after such examination he is bound either to accept or reject them; he cannot qualify his rejection of the goods by attaching conditions thereto, and if he attempts to do so and in the meantime refuses to surrender possession of them to the seller, as the defendant did in the present case, his conduct will be treated as an acceptance both under our Sales Act and at common law, and the seller may recover the agreed price.

In the present case the plaintiffs sold the defendant a carload of paper, 67 cases of which were shipped and accepted without question. The second shipment, comprising 88 cases, upon examination by the defendant was pronounced by it unsatisfactory, and the plaintiffs were informed by letter of that fact and that the shipment had been rejected, "With the understanding you [the plaintiffs] are to replace same with toilet paper of proper quality." Later the defendant wrote the plaintiffs that they would be expected to deliver 108 cases of paper equal in quality to that first shipped, and that defendant would hold the 88 cases in its warehouse "until you do so." In response, the plaintiffs wrote the defendant that if it did not want the paper it should advise them and they would send shipping instructions. To this the defendant replied that upon receipt by it of shipping instructions and a check for the freight paid on these cases by the defendant, "it would consider the matter closed." *Held* that by its retention of the goods for an unreasonable time after their receipt, the defendant had already accepted them before it made its conditional offer of return; that if it desired to avail itself of the plaintiffs' permission, thereafter extended, to reject the goods, it was bound to act as the plaintiffs directed; and that inasmuch as it had not done this but insisted upon retaining the goods, the plaintiffs were entitled to recover the purchase price.

Argued January 3d—decided February 21st, 1922.

ACTION to recover the purchase price of a sale of paper, brought to and tried by the Superior Court in

Hartford County, *Haines, J.;* facts found and judgment rendered for the defendant to recover $41.87 upon its counterclaim, and appeal by the plaintiffs. *Error; judgment to be entered for the plaintiffs.*

*Henry J. Marks,* with whom was *Reinhart L. Gideon,* for the appellants (plaintiffs).

*J. Gilbert Calhoun,* with whom, on the brief, was *Edward T. Canfield,* for the appellee (defendant).

WHEELER, C. J. Plaintiffs sold to defendant a carload of paper. The first shipment of sixty-seven cases was accepted without question. The second shipment, eighty-eight cases, was shipped from plaintiffs' plant at North Bennington, Vermont, and received by the defendant at Hartford on or about November 6th, 1918. The defendant has refused to pay for these goods, and the eighty-eight cases still remain in defendant's possession.

The sole question of law upon the appeal is whether the defendant accepted these cases. The Sales Act, General Statutes, § 4714, is declaratory of our common law. It says, in effect, that the buyer will be deemed to have accepted goods, (a) by verbal or written acceptance; (b) by doing any act in relation to them inconsistent with the ownership of the seller; (c) by retaining them after a reasonable time in which to examine them has elapsed without rejecting them. Acceptance in this case is predicated by plaintiffs upon ground (c).

The defendant had not examined these cases prior to delivery, and hence it had a reasonable opportunity after delivery to examine the goods to ascertain whether they were in conformity to the contract, before it could be deemed to have accepted them. Sales Act,

General Statutes, § 4713; *Thompson Machine & Supply Co.* v. *Graves,* 91 Conn. 71, 74, 98 Atl. 331. On November 15th, nine days after defendant received them, it wrote plaintiffs: ". . . In addition to this, your shipment of October 19th has just come to hand and the paper is not at all what it should be. We are sending you sample roll for your inspection. The shipment has been rejected with the understanding you are to replace same with toilet paper of proper quality." No claim is made that defendant, by its failure to examine the goods prior to November 15th without rejecting them, had accepted them. Its letter of November 15th, taken by itself without relation to the subsequent communications between the parties, must be deemed to be a rejection of the goods.

The plaintiffs replied to this letter, in effect, that if the goods had not been taken from the freight-house, the rejection of the goods as stated in the letter of November 15th would have been effective. The plaintiffs could not attach to defendant's acceptance the condition that the goods must be examined in the freight-house, for that is what their letter would have compelled.

On November 21st, defendant replied: ". . . We shall expect you to deliver us 108 cases paper to be up to quality of shipment made us August 1st, and we will hold the above 88 cases in our warehouse until you do so." Defendant's letters of November 15th and 21st, taken together, show that defendant made only a conditional rejection, and that defendant intended on and after the 15th to hold the 88 cases for the purpose of forcing the plaintiffs to furnish other cases of paper in completion of their contract. After its examination of the goods on November 15th, the defendant was obliged to either accept or reject the goods. It had no right to qualify its rejection by at-

taching to it conditions. *C. & C. Electric Motor Co. v. D. Frisbie & Co.*, 66 Conn. 67, 95, 33 Atl. 604; *Frey-Sheckler Co.* v. *Iowa Brick Co.*, 104 Iowa, 494, 73 N. W. 1051. "It is the duty of the seller to deliver the goods, and of the buyer to accept and pay for the same, in accordance with the terms of the contract to sell or sale." General Statutes, § 4707.

On November 23d, plaintiffs wrote defendant that if it did not want the paper, it should advise plaintiffs and they would send shipping instructions. This gave the defendant the opportunity to reject the goods it had already accepted. It changed plaintiffs' earlier proposition, that they would take back the goods if they had not been taken from the freight-house, into an unconditional offer to take back the paper if defendant did not want it. Instead of accepting this proposition, defendant reiterated its position that it held the eighty-eight cases as a guarantee for the delivery by plaintiffs of the one hundred and eight cases. Defendant thus adhered to its first position. The plaintiffs then wrote defendant renewing their proposition that if the goods were not satisfactory to the defendant, the plaintiffs would send shipping instructions to the defendant; and that if the defendant did not request such instructions, but insisted upon holding the eighty-eight cases as a guarantee of a further delivery, the plaintiffs would at once institute legal proceedings to collect the account. This, again gave the defendant the privilege of rejecting the goods and of sending to the plaintiffs for written instructions as to their disposition.

Instead of accepting the plaintiffs' proposal and then rejecting the goods, the defendant replied, in effect, that upon receipt of shipping instructions and check for the freight paid by it on these goods, it would consider the matter closed. By this we

Fillmore *v.* Garvan, Inc.

understand defendant intended to say that it would return the goods on receipt of instructions and check for freight paid. Defendant could not have attached such a condition if the question of rejection were before it for the first time, much less after it had accepted the goods and was thereafter given by plaintiffs the privilege of rejection. The defendant was obliged to follow the method which plaintiffs specified, or it could not avail itself of it. It could not attach its own conditions.

It had already accepted the goods; if it subsequently obtained the right to reject them, it must be by the favor of the plaintiffs. The giver cannot be dictated to as to the terms of his bounty. The defendant accepted these goods because it refused to surrender possession of them except upon conditions of its own determination, and because it held the goods an unreasonable length of time after it received them before it made its conditional offer to return them.

We have no occasion to refer to the subsequent communications between these parties. To the last, defendant held the eighty-eight cases as a guarantee for the delivery of the one hundred and eight cases. Defendant's course constituted under our Sales Act, and would have constituted under our common law, an acceptance of the eighty-eight cases.

There is error, the judgment is set aside and the cause remanded with direction to enter judgment for the plaintiffs for $1,009.98, with interest from November 15th, 1918.

In this opinion the other judges concurred.