LUTHER M. WRIGHT *vs.* JOHN McCORMACK.

Third Judicial District, Bridgeport, April Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

In a trial to the jury, the court does not find facts, but only states
what each party claimed to have proved.

An offer to sell a tractor for "$1,600 or $1,700" may be considered an
offer to sell at the lesser sum, since a sensible buyer would not
otherwise construe it.

In the present case, an action for goods sold and delivered, the delivery
of the tractor at the defendant's farm and his refusal to pay for it
were admitted. The plaintiff offered evidence to prove that the
defendant's superintendent had power to buy the tractor and did
buy it subject to the defendant's approval which was obtained.
The defendant offered evidence that he gave no such approval, that
his superintendent lacked the power claimed, and that the tractor
was left at the farm at the plaintiff's request and for his conven-
ience. In its charge to the jury, the court stated that acceptance
of an offer of sale might be inferred from conduct, and quoted the
statute, § 4714, concerning acceptance of goods under the Sales
Act, but added the caution that acceptance of the offer of sale
would not in every case be inferred from the mere fact that the
tractor remained on the defendant's property. It further charged,
as to the authority of the superintendent, that acts and conduct
of an agent are within the apparent scope of his authority when
they are such as a sensible man would do, according to common
experience, to carry on the particular kind of business which he
has authority to transact. *Held* that the jury's verdict for the

plaintiff was a reasonable conclusion from all the evidence, under instructions which were correct, appropriate and sufficient.

The appellant criticized the charge as confusing the acceptance of an offer of sale, with the acceptance of goods by a buyer. *Held* that the charge, fairly construed, was not open to this criticism; that the references to what would constitute an acceptance of goods, were made for the purpose of indicating, not what would constitute an acceptance of an offer to sell, but what would constitute evidence of acceptance of an offer to sell; that is, if the defendant by his acts and conduct accepted the tractor, such acceptance might be considered by the jury as evidence of an acceptance of the plaintiff's offer to sell the tractor.

Argued April 18th—decided June 1st, 1923.

ACTION to recover the reasonable worth of a tractor and plow, alleged to have been sold to the defendant, brought to the Superior Court in Fairfield County and tried to the jury before *Avery, J.;* verdict and judgment for the plaintiff for $1,600, and appeal by the defendant. *No error.*

*John F. Keating,* for the appellant (defendant).

*Nehemiah Candee* and *John T. Dwyer,* with whom, on the brief, was *John Keogh,* for the appellee (plaintiff).

BURPEE, J. The complaint alleges that the plaintiff sold and delivered to the defendant a tractor reasonably worth a stated sum, and that the defendant has not paid any part of that sum. The answer denies the sale and delivery, and admits the nonpayment. Upon the trial of this simple issue, the plaintiff offered evidence to prove that the defendant owned a large farm which he managed and operated by a superintendent; that the plaintiff, wishing to sell a tractor to the defendant, made arrangements with this superintendent to demonstrate the tractor on the defendant's farm, and did so under the supervision of this superintendent; that after a second demonstration, this superintendent

told the plaintiff that the tractor did good work, that he would buy it and had power of attorney from the defendant to buy it, but would like to have the defendant satisfied and approve the purchase; that soon afterward the plaintiff was summoned to defendant's farm to demonstrate the machine before the defendant himself, who wished to see it work; that the plaintiff sent his salesman, who made a demonstration of the tractor in the presence and at the request of the defendant and his superintendent; that the defendant thereupon said to the plaintiff's agent that no further demonstration of the tractor was necessary, as he had seen it work, and that that was all that was required, and he was satisfied that it worked all right; that soon afterward the plaintiff told the defendant's superintendent that he would sell the tractor to the defendant for $1,600 or $1,700, and gave him a written memorandum to that effect; that the superintendent agreed to communicate this offer to the defendant and to notify the plaintiff of the defendant's decision; that neither the defendant nor his superintendent has since given any notice or communicated in any manner with the plaintiff about the tractor; that the tractor was brought to the defendant's farm before the first demonstration, which was made on October 24th, 1919, and remained there, after the defendant refused, in March, 1922, to pay for it; that during this time it had been used by the defendant's superintendent to do work connected with the operation of the farm, and had been kept in repair by him at the defendant's expense; and that it was a new machine and had never been used before it was used on the defendant's farm.

On the other hand, the defendant, admitting that he managed and operated his farm by a superintendent who directed and controlled the work and had author-

ity to buy some things required, denied that he had general authority to buy farm equipment, and offered evidence to prove that the demonstrations of the tractor in October, 1919, were failures; that he himself never saw any of them; that his superintendent directed the plaintiff to take the tractor away from the farm, but at his request gave him permission to leave it there temporarily; that in April, 1920, the plaintiff made an offer to the superintendent to sell the tractor to the defendant for $1,800, which the superintendent refused and did not submit to the defendant, and the defendant never knew of the offer; that the plaintiff at the same time suggested that if the superintendent wished to use the tractor while it remained on the farm, he might do so; that accordingly he did use the tractor thereafter to do work in operating the farm, but defendant did not know of this use; that from March, 1920, to May, 1921, the defendant was away from home, making a trip around the world; that a bill for the tractor which he received in March, 1922, was the only communication he had received from the plaintiff concerning the tractor; and that thereupon he wrote to the plaintiff refusing to pay for it.

It is apparent that the delivery of the tractor and the refusal to pay for it were not in dispute. Neither was the agency of the defendant's superintendent with authority to manage and operate his farm and to buy certain things required in its operation. Among these things, the plaintiff's evidence tended to prove that the superintendent had the power to buy the tractor which the plaintiff offered to sell, and did buy it subject to the approval of the defendant, and that soon afterward his approval was obtained. From this evidence it would seem that the jury might reasonably draw the conclusion that the sale was concluded then

and in this manner. If they did, nothing remained for them to determine but what the machine was reasonably worth. There is nothing in the record which shows that the jury did not reach their verdict in this way. If they did, the assignments of error in this appeal are groundless, and there is no error apparent in the record. For the motion to correct the finding of facts by striking out the statement that the plaintiff's salesman "was led to believe that the deal for the sale of the tractor was closed," when the defendant had seen it in operation and expressed his satisfaction with it, is futile. This was a trial to the jury, in which the court does not find facts, but only states what each party claimed to have proved. *State* v. *Klein,* 97 Conn. 321, 327, 116 Atl. 596. The record, in the evidence which the defendant has selected and caused to be inserted, reveals that in fact the plaintiff offered testimony to the effect stated in the part of the finding objected to. Moreover, correcting the finding in this particular would not change the determination of this appeal.

But the record discloses that the trial court presented in its charge to the jury another aspect in which this case might be viewed. Having defined a sale of goods and the form of contract to sell in the language of General Statutes, §§ 4668 and 4670, it pointed out that a contract to sell may be inferred from the conduct of the parties; that to make a contract for sale there must be an offer to sell by a seller and an acceptance of the offer by a buyer; that either the offer or the acceptance may be written or oral, or may be inferred from the conduct of the parties; and that in this case, the plaintiff did not claim that the acceptance of the offer of sale was in writing, but by the conduct of the defendant and his agent. To indicate the kind of conduct which should be deemed to be sufficient to

complete a contract for sale by acceptance of an offer
to sell, the court called the attention of the jury to
the statute which declares what constitutes an ac-
ceptance of goods. General Statutes, § 4714. Then
followed a caution that this principle should be ap-
plied with certain limitations; that if the seller of a
machine left it on the property of another for some
temporary purpose or accommodation to himself, the
mere fact that the machine remained there for some
time would not be "evidence of the acceptance of the
goods so as to make it an acceptance of a contract."
Afterward the court informed the jury that the main
question in the case was whether a contract of sale
might be implied, and said: "A contract of sale may
be implied from the facts and circumstances of the
case, creating an obligation on the part of the buyer
to pay for the goods received from another, and or-
dinarily, when one person receives goods or merchandise
from another, the law implies a contract on his part
to pay therefor, which will support an action of as-
sumpsit for goods sold and delivered. One cannot
ordinarily accept goods from another and use them, and
then refuse to pay for them on the ground that he
never ordered them." Thereafter the statement was
repeated that the mere fact that the machine remained
on the defendant's property would not in every case
constitute evidence from which acceptance of an
offer to sell might be implied; and finally the court
added: "Where property is left by one with another
and an offer is made to sell property and it is turned
over to the other man subject to his approval and
he takes it without expressing either approval or
disapproval and proceeds to use it in his business,
in such a case as that an implied agreement to accept
and pay, an implied acceptance of the offer, may be
found by the jury."

The appellant claims that in these parts of the charge, the trial court specifically instructed the jury that the acts and conduct mentioned in § 4714 of the General Statutes would constitute an acceptance of an offer of sale, and that the trial court apparently confused the acceptance of an offer of sale with the acceptance of goods by a buyer. We think this claim and criticism is not warranted by a fair construction of the language of the charge. It seems evident that the references to what constitutes acceptance of goods were made for the purpose of indicating, not what would constitute acceptance of an offer to sell, but what would constitute evidence of acceptance of an offer to sell; that is, if the acts and conduct of the defendant constituted an acceptance of the tractor, that acceptance might be considered as evidence of acceptance of the offer to sell the tractor. So construed, there was no error in such instructions.

The appellant claims that the trial court charged the jury generally respecting the law of principal and agent, without applying the law stated to the facts in this case; and assumes that those facts were only the facts which the defendant claimed to have proved. These assignments are not sufficiently definite, and they disregard the fact that the trial court had to deal not only with the evidence offered by the defendant, but also with that offered by the plaintiff.

For the same reason, there is no merit in the assignment of error which assumes that all the evidence in the case disclosed that if any contract of sale was made, it was an express contract. It is true, as we have noted already, that there was evidence which the jury would be justified in believing and from which they might rationally make the deduction that an express contract of sale was made with and by the defendant's superintendent; but, besides that evidence, there was

more which tended to prove an implied contract, or one to be inferred from the conduct of the defendant and his agent.

The trial court did not err in instructing the jury that the plaintiff's offer to sell the tractor for "$1,600 or $1,700" was really an offer to sell for $1,600. It can hardly be presumed that a sensible buyer would construe it differently. The meaning which the court gave to the offer is the meaning which the defendant undoubtedly would give when he accepted it, because it was most favorable to him. That price, if tendered, the plaintiff would be bound to accept. Moreover, the complaint set forth a sale, not at a fixed or agreed price or value, but for what the tractor was "reasonably worth." The plaintiff's estimate of its reasonable worth was expressed in his offer. The record does not reveal any other evidence of its worth. The court charged the jury that the damages in any event could not exceed $1,600. That would seem to be as favorable to the defendant as any instruction on the subject could be.

So far as the defendant's requests to charge contained correct and intelligible statements of the law, adapted to the issues before the jury, they were sufficiently expressed in the charge. Some of the requests ignore the evidence relating to the general and special agency of the defendant's superintendent, which was, if believed by the jury, quite sufficient to prove that he had power to accept the plaintiff's offer and to buy the tractor, and that in fact he did so with the defendant's approval. In other requests which disregard the same evidence, it is suggested that the court should have instructed the jury that they must find that the plaintiff's offer to sell at a price named was actually communicated to the defendant and accepted by him personally and expressly, and that the use of the

tractor without the defendant's personal knowledge and express authority was not evidence that he had accepted the plaintiff's offer of sale. Having in mind all the evidence concerning the superintendent's agency, the court in substance informed the jury that an agent is one to whom his principal has given authority to act for him in the management and transaction of his business, while not immediately under his direction; and that when the relation of principal and agent has been established, the principal will be liable for the acts and conduct of the agent while he is acting within the apparent scope of his authority, although the principal has not exactly authorized and directed him to do a particular thing; and that acts and conduct of an agent are within the apparent scope of his authority when they are such as a sensible man would do, according to common experience, to carry on the particular kind of business which he has authority to manage and transact. The instructions on this subject were fitted to the evidence before the jury, and accurately and sufficiently stated the law by which they should be guided in coming to a verdict in this case. For it was, as the appellant asserts in his brief, "a vital issue in this case whether the acts and conduct of the defendant's superintendent amounted to an acceptance by the defendant of this offer of sale"; and the court had indicated in its charge that this was "the real issue in the case."

No evidence was offered by either party to support the appellant's claim that "the plaintiff had expressly stipulated" in this offer that the defendant's acceptance must be communicated to the plaintiff, and that since it was never communicated by words, the terms of the offer were never complied with, and hence no contract of sale was made.

We discover in the charge no reason to warrant the

eighth assignment, that the court erred in stating that "the main question in the case" is "when a contract of sale may be implied." The court read the statute which declares that such a contract "may be inferred from the conduct of the parties"; which means, as the court properly explained, that an acceptance of an offer which closes a contract may be "implied from the facts and circumstances of the case."

Nor does the charge, considering all its parts, disclose that the court erred, as the defendant asserts in his ninth reason of appeal, in its conception of "what the fundamental issues in this case were," and on that account its charge "was so indefinite, confusing and unsuited to such issues, that it was calculated to and did mislead the jury in arriving at its verdict." On the contrary, it appears to us that the jury reached a reasonable conclusion from all the evidence, under instructions which were correct, suitable and sufficient.

There is no error.

In this opinion the other judges concurred.