C. D. BROWN & COMPANY, INC., Plaintiff, *v.* DARLING & COMPANY, Defendant.

Fourth Department, May 19, 1933.

*McKay & Headley* [*Clarence W. McKay* of counsel], for the appellant.

*Lewis & Carroll* [*William C. Carroll* of counsel], for the respondent.

TAYLOR, J. Plaintiff purchased from defendant 5,000 calf skins and paid $3,512.57 for them. After receiving the skins and claiming breach of warranty of quality, plaintiff elected to rescind its contract, offered to return the goods and demanded from defendant the money it had paid for the skins, plus certain expenses incurred. Defendant refused to comply with the demand. On April 1 and 13, 1932, plaintiff served by mail upon defendant notices that plaintiff had rescinded and that the goods would be sold at Rochester, N. Y., on April twenty-eighth for the account of the defendant by plaintiff as bailee. Publication of notice was made on and between April thirteenth and April twentieth and the sale

was had on April twenty-eighth. The sale was at public auction and plaintiff bid in the skins at $1,600. The action is to recover $2,115.90, the difference between the amount realized at the sale and plaintiff's total disbursements. At the trial plaintiff was nonsuited, without prejudice, upon the theory that it had failed to observe the provisions of sections 200–202 of the Lien Law. Plaintiff took exceptions and they are here in the first instance for our consideration.

Sections 200–202 of the Lien Law make provision for sales of personal property to satisfy liens. Certain exceptions as to liens covered are found in section 200. These sections, amended from time to time, have been a part of the Lien Law since its passage in May, 1897. The Lien Law in its several articles is made applicable to certain mentioned liens against both real and personal property. It would seem that the sections mentioned relate in the main to the particular liens covered by the preceding paragraphs of the Lien Law and that they are not necessarily of general application.

Section 150 of the Personal Property Law prescribes remedies to which either a seller or buyer of goods may resort upon claiming breach of warranty. Subdivision 5 gives a buyer who rescinds the same remedies which a seller has under section 134. Section 134 offers such a buyer several remedies among which are (c) " a right of resale as limited by this article." Then section 141 provides (Subd. 3) that notice of intention to resell is not essential to the validity of a resale, although the giving or failure to give such notice is made relevant in any issue involving the question whether the seller has been in default an unreasonable time before the resale is made. Subdivision 4 provides that notice of time and place of sale is also not essential to the validity of the resale. Then subdivision 5 specifies that the seller (the buyer in our case) " is bound to exercise reasonable care and judgment in making a resale, and subject to this requirement may make a resale either by public or private sale."

Defendant claims that these sections of the Lien Law are necessarily applicable and that, whether they are or not, plaintiff having resorted to them " in the exercise of reasonable care " was required to proceed strictly according to their provisions. Plaintiff contends that the Lien Law is not applicable, certainly not exclusively so, and that although plaintiff specified in its notice that it was acting under the Lien Law, it was proceeding lawfully under the sections of the Personal Property Law mentioned and that it exercised " reasonable care and judgment in making a resale."

The mentioned sections of the Personal Property Law became

operative in 1911 as a part of the Sales Act, so called, passed that year in the interest of uniformity in the law regulating sales of goods in the United States. The sections make full provision for enforcement of liens resulting from breach of warranty in sales of goods. The Sales Act was passed subsequent to the specified sections of the Lien Law and we see no reason why the Lien Law is *necessarily applicable* to the situation presented to this plaintiff. Since the Personal Property Law furnished plaintiff an adequate remedy, the fact that plaintiff announced in its notice of sale that it was proceeding according to the Lien Law does not necessarily result in an election which concludes plaintiff. The question remains — and it is a jury question — whether or not plaintiff exercised " reasonable care and judgment in making a resale " under the Sales Act (Pers. Prop. Law, § 141, subd. 5). The fact that under section 141 plaintiff was not required to give any notice at all to the seller of intention to resell (Id. subd. 3) or notice of time and place of sale (Id. subd. 4), that plaintiff could sell at either public or private sale (Id. subd. 5) and that plaintiff actually did sell at public sale and gave notice to defendant would all be matters for the consideration of a jury.

A fair question of fact was presented under section 141 of the Personal Property Law and the plaintiff's exceptions should be sustained and a new trial granted, with costs to plaintiff to abide the event.

All concur.

Plaintiff's exceptions sustained and motion for a new trial granted, with costs to the plaintiff to abide the event.