In the Matter of the Petition of DOROTHEA P. SPRENGER NYSTROM for the Discharge of a Mortgage Recorded in Liber 1522 of Mortgages at Page 596, in the New York Erie County Clerk's Office.— Order reversed on the law and facts, with costs, and petition dismissed, with costs, on the ground that the finding that the mortgage was paid in full was contrary to and against the weight of the evidence. All concur.

CLARA B. WILCOX, Respondent, v. MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellant.— Judgment reversed on the law, with costs, and complaint dismissed, with costs, on the authority of *Allendorf* v. *Fidelity & Casualty Co.* (250 N. Y. 529, affg. 223 App. Div. 809) and *Fane* v. *National Association of Railway Clerks* (197 id. 145). All concur.

CLARA B. WILCOX, as General Guardian and as Guardian ad Litem of ASA H. WILCOX, an Infant, Respondent, v. MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellant.— Judgment reversed on the law, with costs, and complaint dismissed, with costs, on the authority of *Allendorf* v. *Fidelity & Casualty Co.* (250 N. Y. 529, affg. 223 App. Div. 809) and *Fane* v. *National Association of Railway Clerks* (197 id. 145). All concur.

THOMAS C. TASKER, Respondent, v. INTERNATIONAL RAILWAY COMPANY, Appellant.— Judgment and orders affirmed, with costs. All concur, except Edgcomb, J., not voting.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD CARLIN, Appellant.— Order affirmed, without costs. All concur, except Crosby, J., not voting.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH GRIECO, Appellant.— Judgment of conviction affirmed. All concur.

C. D. BROWN & COMPANY, INC., Appellant, v. DARLING & COMPANY, Respondent.— Judgment and order denying motion for a new trial reversed on the facts and a new trial granted, with costs to the appellant to abide the event. Appeals from the orders denying motions to amend judgment and order and to retax costs dismissed as academic in view of the decision made upon the main appeal. Memorandum: The finding of the jury that the plaintiff failed to exercise reasonable care and judgment in making the sale is against the weight of the evidence. The sale was at public auction. Notice of the sale was given to the original seller. Publication of the notice of sale was made in a newspaper. All of these things were not legally requisite. (Pers. Prop. Law, § 141; *Brown & Co., Inc.,* v. *Darling & Co.,* 238 App. Div. 487.) The plaintiff was bound to make the sale without unnecessary delay, but the choice of the time and place of sale belonged to the plaintiff, provided it acted in good faith and with reasonable diligence. (*O'Meara* v. *National Park Bank,* 239 N. Y. 386; *Dustan* v. *McAndrew,* 44 id. 72.) It is established by the greater weight of evidence that whatever delay occurred was harmless to the defendant. All concur.

MILDRED WINCHELL, Appellant, v. FRANK LOVELESS and Another, Respondents. — Judgment affirmed, with costs. All concur.

HARRY BABCOCK, Appellant, v. FRANK LOVELESS and Another, Respondents.— Judgment affirmed, with costs.. All concur.