MODERN HOME UTILITIES, INC. *vs.* KATHRYN GARRITY.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued June 10th—decided July 30th, 1936.

*Lyman H. Steele,* for the appellant (plaintiff).

*Barnard P. Kopkind,* for the appellee (defendant).

AVERY, J. The plaintiff brought this action to recover a balance of $232.85 claimed by it to be due upon an instalment note of the defendant. The defendant filed an answer admitting all the allegations of the complaint except the amount claimed as due

upon the note, and, by way of special defense, set up that the note was given for a beer cooling unit to be installed on the premises, that the plaintiff warranted that the equipment would be fit and proper for the tasks it was to perform and the requirements of the defendant; and that it did not perform the purposes for which it was intended and was so noisy as to be unsuitable for the defendant's business. The defense then went on to allege the tender back of the equipment and its refusal and a demand for the purchase price. The counterclaim incorporated these allegations and claimed a recovery of the price paid with damage for loss of business by reason of the defective operation of the apparatus. The plaintiff filed a reply denying the allegations of the special defense and setting up that the parties executed a note and a conditional sales contract which were the only agreements between them.

The parties went to trial upon these pleadings and, after hearing the evidence, the trial court concluded that the plaintiff had undertaken to install equipment suitable to defendant's needs; that the equipment was improperly installed and defective in operation, and as installed was not reasonably suitable for the uses and purposes of the defendant; that the plaintiff had thereby failed in part to perform its undertaking; and that as the defendant had retained the beer pump, priced at $75, she was obligated to pay therefor but was not obliged to pay for the balance of the equipment, and was entitled to recover under her counterclaim $63.96, being the balance of the amount paid by her upon the note ($138.96) less the value of a beer pump.

Among other facts found by the trial court were the following: The defendant, preparing to open a restaurant in New Haven and desiring to purchase

equipment for cooling and drawing beer, requested plaintiff's salesman to see her. He called and inspected the premises and then consulted plaintiff's sales manager and refrigerating engineer. Thereafter, a conditional sales contract was executed between the parties whereby the plaintiff sold and the defendant bought a cooling box, compressor and beer pump for the price of $475.81, including installation and freight, on which the plaintiff paid $104 in cash and executed an instalment note for the balance. The plaintiff then installed the refrigerating equipment. There was a cellar under the main building but none under the part in which defendant's restaurant was situated. The plaintiff installed the compressor under the bar and because of its location there was an objectionable noise which increased in time and became loud and unbearable. There was also excessive vibration. The beer cooling unit did not work properly, sometimes chilling the beer so that it would not flow and at other times failing to cool it so that it was unfit to serve. The proper place to have installed a compressor of the type furnished was in the cellar as nearly beneath the bar as possible, and when so installed noise and vibration are not noticeable. The defendant paid various instalments of the purchase price as they became due but made frequent complaints with regard to the operation of the apparatus, which the plaintiff attempted to remedy but did not succeed in doing. After a year of unsatisfactory efforts to have the equipment work satisfactorily, the defendant notified the plaintiff to remove the same, and refused to pay further. Shortly thereafter, the plaintiff offered to move the compressor to the cellar under the main building if the defendant would pay the additional sum for the extra cost of installation, which she refused to do. A compressor located at that distance

from the bar would need to be larger and the cost of operation would be increased and the efficiency decreased. The compressor actually installed in the defendant's premises was too small to operate efficiently if it had been installed in the main cellar. The defendant disconnected the compressor and no longer uses the equipment except the beer pump which has operated satisfactorily.

In its appeal, the plaintiff attacks the finding of the court and also claims that the court erred in basing its judgment upon a partial failure of consideration when the only defense set up was breach of warranty. The conditional sales contract in evidence contained this provision: "This contract constitutes the entire agreement between the parties, and no other agreement, guaranty or warranty, verbal or written, express or implied, shall limit or qualify this contract." The trial court did not find that there was any express warranty and in view of this provision of the contract no basis exists for a finding that there was any warranty either express or implied as to the equipment or its installation. *Bridgeport L. A. W. Corporation* v. *Levy*, 110 Conn. 255, 264, 147 Atl. 841. As the answer of the defendant was based solely upon a breach of warranty and a claim for rescission under General Statutes, § 4689, the trial court was in error in rendering judgment in the defendant's favor upon the theory of a partial failure of consideration. "A judgment cannot be founded on a finding of facts not in issue, although they may have been shown in evidence to which no proper objection was taken." *New Idea Pattern Co.* v. *Whelan*, 75 Conn. 455, 458, 53 Atl. 953. "Facts proved but not averred cannot be made the basis of a recovery." *Kane* v. *Kane*, 120 Conn. 184, 189, 180 Atl. 308; *Stein* v. *Coleman*, 73

Conn. 524, 529, 48 Atl. 206; *Whiting* v. *Koepke,* 71 Conn. 77, 79, 40 Atl. 1053.

Furthermore, the defendant could not have claimed a rescission under the provisions of the Sales Act. After refusal of the plaintiff to accept the return of the articles, she was deemed to hold the equipment as bailee for the plaintiff with a lien and right of sale. If she used the equipment or part of it, she ceased to be bailee and made that part her own and could not claim rescission. From its terms and the attendant circumstances, it is clear that the contract was an entire and not a divisible one. The defendant, therefore, had no right to accept one part and reject the rest. *Loveland* v. *Aymett's Auto Arcade, Inc.,* 121 Conn. 231, 235, 184 Atl. 376; *Thompson Machinery & Supply Co.* v. *Graves,* 91 Conn. 71, 73, 98 Atl. 331; 6 R. C. L. 936. As the considerations mentioned dispose of the case, it is unnecessary to consider the plaintiff's appeal so far as it asks for a correction of the finding or is based upon a ruling upon evidence.

There is error; the judgment is reversed and the cause remanded to the Court of Common Pleas in New Haven County with directions to enter judgment for the plaintiff upon the complaint and counterclaim and to recover from the defendant upon the complaint $232.85 with interest thereon from November 24th, 1934.

In this opinion the other judges concurred.