## BEATRICE WOOD HENDRIE
*vs.*
## GIDEON F. HENDRIE

Superior Court            Fairfield County            File No. 53104

MEMORANDUM FILED JUNE 14, 1939.

*Wright, Hirschberg, Pettengill & Strong,* of Greenwich, for the Plaintiff.

*Curtis, Brinckerhoff & Barrett,* of Stamford, for the Defendant.

CORNELL, J.  Plaintiff seeks a decree of foreclosure of a mortgage on certain real property situated in the Town of Stamford, in this state, securing a note payable on demand in the sum of $25,000, executed and delivered by the named defendant on November 25, 1931.  Among the material allegations of the complaint are, in substance, these:  that the note evidences a debt in the amount named and "is still held by the plaintiff and that there is due and unpaid, the principal sum of $25,000, together with unpaid interest....from November 25, 1931."  These and all other allegations implying any existing present indebtedness are denied in the named defendant's answer.  A special defense was interposed by him to the effect that it has been previously determined in certain proceedings in the federal courts between the parties in this cause, that the note and mortgage in suit are null and void and that that conclusion is decisive of the issue in this action whether the alleged indebtedness on the named defendant's part to the plaintiff exists.

The undisputed evidence in support of these allegations may be briefly summarized as follows:  Plaintiff and the named defendant intermarried at Greenwich, Connecticut, November 25, 1931, the plaintiff then being of the age of 26 and the defendant, 78.  On the same day the named defendant executed and delivered the note and mortgage in suit to the plaintiff. On or about August 31, 1937, a decree of divorce was granted the named defendant from the plaintiff in Chancery in the Circuit Court in and for Polk County, in the State of Florida, on the ground of adultery on plaintiff's part.  Subsequently, and on or about July 27, 1935, the named defendant instituted action against the plaintiff in the United States District Court in and for the Southern District of Florida, asking that "said

mortgage and deed be revoked, rescinded, cancelled, set aside and held for naught" and "such further additional or alternative relief as.... will seem meet and proper." The allegations relied upon to justify such relief are variously stated in the bill of complaint. From them it may be elicited that the named defendant contended that the only consideration for the execution and delivery of the note and mortgage was love and affection; that a condition was implied from this and circumstances which surrounded the parties and in the background of which they acted "that the defendant [plaintiff here] would in the future continue to be a true, faithful and affectionate wife and fulfill her marriage vows and obligations"; that such note and mortgage were obtained by the plaintiff from the named defendant by undue influence and by fraud and duress; that by acts of cruelty and infidelity the plaintiff violated the implied condition mentioned and that the consideration described has wholly failed. Plaintiff here [defendant in said action], while denying these contentions, claimed on the trial that there were, in reality, two varieties of consideration, viz., (1) love and affection and (2) an ante-nuptial contract. The United States District Court found the issues in favor of the defendant [plaintiff here] in that cause, the memorandum of decision stating: "I am of the opinion that the evidence wholly fails to make out a case of fraud, undue influence or any other conduct on the part of the defendant which would justify the cancellation of the mortgage and deed." On appeal to the United States Circuit Court of Appeals for the Fifth District, the decision of the United States District Court was reversed, in so far as it referred to the note and mortgage in suit, and the cause remanded "with directions to the District Court to enter a decree cancelling the note and mortgage aforesaid." *Hendrie vs. Hendrie,* 94 F. (2d) 534, 535.

The doctrine of *res adjudicata* is thus succinctly stated in *Ruocco vs. Logiocco,* 104 Conn. 585, 593: "Where there is an identity of causes of action, the decision of one action by a court of competent jurisdiction concludes the parties and their privies upon every fact which was, or should have been litigated therein.... Even if the causes are not identical, but do raise an important identical issue, then the parties and their privies are concluded by the decision of that issue in a court of competent jurisdiction." To the same effect is *Brady vs. Anderson,* 110 Conn. 432, 435. It is obvious that the parties in the instant suit are identical with those in the action re-

ferred to in the federal courts. It is equally evident that though the two cases are different from each other there was one common element involved in both, viz., the validity of the note and mortgage, which latter is now sought to be foreclosed. The holding in *Hendrie vs. Hendrie, supra,* is consequently decisive upon this point unless for certain reasons advanced by the plaintiff, it fails to apply. These all premise on the contention that the questions upon which the decision in the United States Circuit Court of Appeals predicates were (a) not within the pleadings in that action and (b) not raised by any assignment of error on appeal nor (c) not pressed in argument by counsel for either of the parties.

In its opinion, the United States Circuit Court of Appeals agreed with the United States District Court's conclusion that neither fraud was practiced nor undue influence exerted in connection with the named defendant's execution and delivery of the note and mortgage. It based its decision that the note was void (and hence, that the mortgage fell with it) upon two specific grounds, viz., (1) that there was no ante-nuptial agreement in a legal sense, from which the execution and delivery of the note and mortgage emerged and (2) there was no consideration for the execution of the note because it was given out of love and affection, which latter was not a sufficient consideration for a promise to perform an act *in futuro.* Plaintiff's only quarrel with this is that while the pleadings allege failure of, they do not assert want of, a legal consideration—hence that the decision proceeds upon a non-existent premise. *Modern Home Utilities, Inc. vs. Garrity,* 121 Conn. 651, 654. It would be difficult to concede the validity of plaintiff's contention that the claim of want of consideration was not made in the pleadings. Among the prayers for relief in the bill of complaint, the following appears: "(b) That the mortgage and deed described in paragraph IV hereof was given by the complainant to the defendant out of love and consideration which complainant bore towards defendant as his wife *and* with the expectation and belief that defendant would in the future, continue to be a true, faithful and affectionate wife, and fulfill her marriage vows and obligations and upon the implied condition that the defendant would do so." This language is fairly susceptible of the interpretation that it states in this respect, at least, two grounds for relief, viz., (a) that the only consideration was love and affection and (b) that there was a failure of consideration. Finding the former

to be true, a question of law immediately arose whether it was legally sufficient to support the execution and delivery of the particular note and mortgage in question. Hence the question of the legal sufficiency of the consideration was one specifically presented by the pleadings and implicit in a review on appeal of the decision of the trial court. Even though a litigant fails to claim it, he is still entitled to the benefit of a consideration of admitted facts, especially where they are pleaded. *Guiel vs. Barnes,* 100 Conn. 737, 747. At the very least, a construction of the pleadings was involved and a court of this state is hardly in a position to question the conclusion of one of another jurisdiction in respect of a cause there pending on such a matter. The interpretation of pleadings is always a question of law for the court (*Guiel vs. Barnes, supra,* 743), and under familiar rules of conflicts of law is a matter to be determined by the law of the forum. *Slobodnjak vs. Coyne,* 116 Conn. 545, 549; *Wood vs. Watkinson,* 17 id. 500, 509, 510.

Quite independent of these, however, are other considerations of, at least, equally decisive character. These emerge from the constitutional requirement that each state shall give full faith and credit "to the public Acts, Records, and judicial Proceedings of every other State." U. S. Constitution, art. 4, §1. Recognition of this obligation forbids any inquiry upon the part of the courts of one state whether the judgment of another is erroneous under the law of the state or jurisdiction where it is rendered when such judgment is relied upon as a basis of action or a matter of defense in the one state. *Frick vs. Hartford Life Ins. Co.,* 98 Conn. 251, 261; *Bank of North America vs. Wheeler,* 28 id. 433, 440; 34 C.J. Judgments §1608, pp. 1132-1133. This is so, even though the judgment under the law of the state where it is rendered conflicts with that of the state where effect is sought to be given it. *Freeman's Appeal from Commissioners,* 71 Conn. 708, 715, 716. Judgments rendered in federal courts have the same status and are entitled to the same faith and credit as are those of each of the states. 34 C.J. Judgments §1644, p. 1161, and cases cited in footnote 66.

The only grounds upon which the validity of a judgment rendered by a competent court in any of the states may be challenged in a court of another is for lack of jurisdiction and the only reason justifying the courts of one state in refusing to give such a judgment full recognition and effect is that the action is one to enforce or the judgment imposes, a penalty, 34

C.J. Judgments §1602, p. 1127; *Frick vs. Hartford Life Ins. Co., supra,* 259. For the reasons noted, even though the plaintiff be correct in her contentions that the United States Circuit Court decided the cause before it on grounds not within the pleadings, or assigned as error in appeal to it, or even never raised or urged upon it by counsel for either of the parties, still full faith and credit must be given its judgment since the latter was rendered in a competent court which had jurisdiction of the parties and the enforcement of no penalty is involved. The conclusion that the determination of the federal court in question and the entry of judgment accordingly, that the note is invalid and the mortgage, therefore, unenforceable, is decisive of plaintiff's right to a decree of foreclosure. *Ruocco vs. Logiocco; Brady vs. Anderson,* both *supra.*

The named defendant deceased on May 6, 1938. Thereafter on October 28, 1938, his administratrices *c.t.a.* were substituted as party defendant. On March 15, 1939, the latter filed an amendment to the answer in which they set up a third defense. In this they allege that the execution and delivery of the note and mortgage was "without other consideration than love and affection"; that a decree of divorce was granted the named defendant upon the ground of adultery committed by the plaintiff in this action; and "said mortgage deed and note thereupon reverted to said Gideon F. Hendrie" and he is entitled to have the court enter a decree to that effect in accordance with the provisions of section 5183 of the General Statutes, Revision of 1930.*

It is apparently the present defendants' contention that the statutory provision upon which they rely is self-executing so that immediately upon the entry of a judgment of divorce for the cause stated, the plaintiff husband became entitled to a decree vesting title to the note and mortgage in him or cancelling it if the latter were the more appropriate procedure. Obviously, under the statute in question the court can grant no such decree unless the facts upon which the authority to do so are found to co-exist, viz., a conveyance to the wife (a) in consideration of marriage or (b) of love and affection, and (c) the wife's subsequent misconduct. This presupposes a

---

* §5183. When any married woman shall have derived any estate from her husband in consideration of their marriage, or of love and affection, and her husband shall thereafter be divorced from her on the ground of her misconduct, the court may decree that such personal estate remaining in her possession, and such real estate standing in her name, shall thereafter belong to him.

prayer for relief to justify the court in making the inquiry out of which facts "(a)" or "(b)" may be established. It does not appear that such relief was demanded in the proceeding for a divorce referred to *supra*. Whether or not such relief must be claimed in or incident to the pendency of a petition for divorce or may be made the subject of a separate action instituted subsequent to the granting of a decree to the husband, need not be considered because another factor is decisive of the question here. For it is evident that the exercise of the right to invoke such relief is, like that of a wife to alimony, personal to a husband and so cannot be exercised by his representatives after his death. The issues formed by the complaint and answer and those presented by the second defense and pleadings subsequent thereto are found for the defendants; those formulated by the third defense and pleadings subsequent thereto, for the plaintiff.

Judgment accordingly.