EDWIN B. KEELER ET AL. *v.* GENERAL PRODUCTS, INC.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued June 9—decided August 15, 1950

*Louis M. Altman,* for the appellant (defendant).

*John Keogh, Jr.,* with whom, on the brief, was *Vincent D. Flaherty,* for the appellees (plaintiffs).

O'SULLIVAN, J.   The plaintiffs brought this action to recover the purchase price paid for a television set. The complaint is in two counts.   The first relies on the breach of an express warranty; the second, on that of one implied under the Sales Act.   The jury returned a verdict for the plaintiffs in the amount of $1670.75. This represented the full purchase price with interest. From a judgment entered thereon, the defendant has appealed.

So far as they are material to dispose of various assignments of error addressed to the court's charge, the facts which the plaintiffs claimed to have proved may be condensed as follows: On or about June 6, 1947, they bought a television set from the defendant for $1523.25.   The purchase was made in reliance upon the assurances of the defendant's president and vice

president and one of its agents named Stabile that the set would operate satisfactorily in Wilton. As it failed to provide good reception, the defendant replaced it with another model. The same officials renewed their assurances of satisfactory performance by the substitute. The second set proved to be no better than the first. Early in July, the plaintiffs demanded the return of the purchase price and offered to restore the set, which was then in substantially the same condition it was in when delivered to them. Although the demand was repeated on numerous occasions, the defendant refused to accept the set or to reimburse the plaintiffs. On December 2, 1947, they wrote a letter authorizing the defendant to resell it. This letter was sent at the latter's request. The defendant did not sell the set.

The defendant's claims of proof, herein limited to matters essential to an understanding of the ensuing discussion, were that, after seeing a set in operation at the defendant's place of business in Stamford, the plaintiffs ordered one of the same style, make, model and name; that Stabile was not authorized to give any express warranty; and that by their letter of December 2 the plaintiffs treated the set as their own property.

The defendant filed a request to charge that the letter just mentioned estopped the plaintiffs from asserting any claim arising from the sale. While the request was very broad, the point sought to be raised was that the plaintiffs by authorizing the defendant to resell the set had acted as its owners and had thereby lost their right to rescind the sale.

Several remedies were available to the plaintiffs upon the breach of warranty. General Statutes § 6684. They elected to rescind the sale. This action transferred title to the defendant. 3 Williston, Sales (Rev. Ed.) p. 343. When the defendant refused to take the set back, the plaintiffs held it as bailee and acquired a

lien thereon to secure repayment of the purchase price, with the same remedies to enforce the lien as the Sales Act, in § 6668, gives to an unpaid seller. § 6684. Among these was the right to resell. *Brown & Co.* v. *Darling & Co.*, 238 App. Div. 487, 488, 271 N. Y. S. 407; *Wilson & Co.* v. *Werk Co.*, 104 Ohio St. 507, 514, 136 N. E. 202. In addressing the letter of December 2 to the defendant, the plaintiffs were seeking to accomplish what the statute authorized, namely, to sell the set and apply the moneys obtained therefrom on the purchase price. It is of no moment that they sought to accomplish this through the defendant rather than through a stranger or at public sale. They could sell to whomever they pleased, as long as they used reasonable care and judgment. § 6675. The situation was not one where a buyer nullifies the right to rescind by subsequently using the goods. See *Modern Home Utilities, Inc.* v. *Garrity*, 121 Conn. 651, 655, 186 A. 639; *Loveland* v. *Aymett's Auto Arcade, Inc.*, 121 Conn. 231, 236, 184 A. 376; *Thompson Machine & Supply Co.* v. *Graves*, 91 Conn. 71, 75, 98 A. 331. The request to charge was properly refused.

Oral objections were made to the charge at its close in accordance with § 156 of the Practice Book. In commenting on the first count, the court had defined an express warranty in the exact language of the statute. § 6627. It went on to point out that the burden rested on the plaintiffs to prove that an authorized agent of the defendant gave the warranty, if, in fact, one was given. In referring to Stabile, the court discussed the subject of apparent authority as applied to agency. The oral objection to this phase of the charge was that the court should have instructed the jury that one cannot be clothed with apparent authority unless he has been granted express authority. This is not the law. *Wright* v. *McCormack*, 99 Conn. 145, 153, 121 A. 467;

*Quint* v. *O'Connell,* 89 Conn. 353, 357, 94 A. 288. The aim of the courts in formulating and developing rules as to apparent authority has been to protect, under proper circumstances, a third person in his dealings with an agent who lacks express authority. *Fireman's Fund Indemnity Co.* v. *Longshore Beach & Country Club, Inc.,* 127 Conn. 493, 497, 18 A. 2d 347; *Zazzaro* v. *Universal Motors, Inc.,* 124 Conn. 105, 110, 197 A. 884. Indeed, if the agent is within the apparent scope of his authority, the principal is bound even though the former acts contrary to the latter's instructions. *Supreme Lodge* v. *Kenny,* 198 Ala. 332, 340, 73 So. 519; *Lake Shore & M. S. Ry. Co.* v. *Foster,* 104 Ind. 293, 314, 4 N. E. 20; Restatement, 1 Agency § 161; see *Son* v. *Hartford Ice Cream Co.,* 102 Conn. 696, 700, 129 A. 778.

Objection was also voiced to that part of the charge dealing with the sale of an article under its patent or trade name. The criticism was not directed at the legal accuracy of the instruction on this subject but solely at a statement made about the evidence. The court said: "Some reference has been made at the trial to a trade name and to a patent name, but there was no concrete evidence of such from the standpoint of proof on the part of either side. . . ." The court's recollection was erroneous. The defendant had offered evidence to prove that the plaintiffs ordered a United States Television set, model T-521L, serial number 5217. As the verdict was a general one, the error was harmless. It could have effect, if at all, only on the count alleging breach of an implied warranty. § 6630. It would have no bearing on the other, based upon express warranty. "[W]here a complaint is divided into counts and a general verdict is rendered, if any of the counts are good, it will be presumed that the damages were assessed as to that count and the verdict will be sustained." *Ziman* v. *Whitley,* 110 Conn. 108, 112, 147

A. 370; *Knight Realty Co.* v. *Caserta*, 126 Conn. 162, 166, 10 A. 2d 597.

Other assignments of error to the charge are not considered, as they are directed at instructions to which no oral objection was raised at the trial or concerning which no requests were filed. Practice Book § 156; *Proto* v. *Bridgeport Herald Corporation*, 136 Conn. 557, 563, 72 A. 2d 820. Nor, since the evidence is not made part of the record, can we review the court's action in refusing to set aside the verdict.

A further assignment of error is concerned with the court's failure to submit interrogatories to the jury. During the opening argument and without attracting the court's attention, defendant's counsel placed on the bench a folded paper on which four interrogatories had been typed. At the conclusion of the charge, he made objection to several matters but failed to refer to the interrogatories. He mentioned them for the first time after the verdict had been accepted. It was only then that the court learned of their existence. Although the defendant lays great stress on this assignment, it obviously furnishes no basis on which to predicate error.

In the absence of a rule, proper procedure for one seeking to have interrogatories submitted to the jury ordinarily requires him to file them with the clerk before oral argument begins. This will permit the trial judge to examine their form and determine their propriety. *Smith* v. *Waterbury & Milldale Tramway Co.*, 99 Conn. 446, 452, 121 A. 873.

Other assignments of error have no merit.

There is no error.

In this opinion the other judges concurred.