JAMES C. MALONE *v.* ANN STEINBERG ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued April 2—decided May 6, 1952

*John P. Hodgson,* for the appellants (defendants Steinberg).

*Frank A. Francis,* with whom were *John J. Devine, Jr.,* and *Edward J. Turbert,* for the appellee (plaintiff).

O'SULLIVAN, J. The plaintiff brought this action against Ann Steinberg, Hyman Steinberg, Rebecca Bercowetz and Kalman Bercowetz. The complaint is in two counts, one directed against the Steinbergs, the other against the Bercowetzes. During the course of the trial, Kalman was dropped as a party defendant. The court rendered judgment for the plaintiff to recover from the remaining three. Of these, only the Steinbergs have appealed. We shall refer to them as the defendants and shall limit our discussion to the count addressed to them.

The court found the following facts: In 1946 the defendants resided at 399 Sigourney Street in Hartford. In that year they acquired a collie which they kept until March, 1949. At that time, they gave the dog to Rebecca Bercowetz and delivered it to her in Bloomfield. Although this was several miles away, the dog frequently made its way back to its former owners. On such occasions, before the dog was returned to Bloomfield, they allowed it to stay on their property and to sleep on their porch at night. This occurred

many times between March and July 8, 1949. The defendants knew that the dog had a habit of barking and running as if to attack those passing on the sidewalk and they further knew that this habit often caused fright to pedestrians.

The plaintiff is seventy-one years old. About 6 p. m. on July 8, 1949, while he was walking on the sidewalk in front of the defendants' premises, the dog, barking as it ran, came towards him from the vicinity of the house. Mrs. Steinberg was then standing in her doorway. Although she could have restrained the dog or called it back, she made no attempt to do so. The plaintiff became frightened as the dog approached. He gave a "little kick" at it, and, as he turned to proceed, fell backwards upon the walk and fractured his wrist.

The defendants seek to correct the finding. They would gain no advantage, however, if their requested additions were granted. A finding will not be corrected by the addition of facts which will not affect the result. *Tortorici* v. *Sharp Moosop, Inc.*, 107 Conn. 143, 144, 139 A. 642; Maltbie, Conn. App. Proc., § 93. The defendants' further attack on the finding, whereby they seek to strike several paragraphs devoted to a recital of the facts found by the court, is equally unavailing. The essential paragraphs which are challenged have ample support in the evidence.

On the basis of facts enumerated above, the court concluded that the defendants should be held liable because they had "failed to use reasonable care to keep the premises safe from harm caused by the known propensities of the dog." Their main claim is that the court erred in two respects, first, in rendering judgment upon a cause of action which was not pleaded, and, secondly, in holding them liable after finding that the plaintiff was injured through fright caused by the dog,

contrary to the allegation in the complaint that the dog had attacked and knocked him to the ground.

Pleadings have their place in our system of jurisprudence. While they are not held to the strict and artificial standard that once prevailed, we still cling to the belief, even in these iconoclastic days, that no orderly administration of justice is possible without them. *Berman* v. *Kling*, 81 Conn. 403, 405, 71 A. 507. It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. *Nash Engineering Co.* v. *Norwalk*, 137 Conn. 235, 239, 75 A. 2d 496. A plaintiff may not allege one cause of action and recover upon another. Facts found but not averred cannot be made the basis for a recovery. *Modern Home Utilities, Inc.* v. *Garrity*, 121 Conn. 651, 654, 186 A. 639; *Whiting* v. *Koepke*, 71 Conn. 77, 79, 40 A. 1053.

The count directed against the defendants is unmistakably based on § 3404 of the General Statutes.[1] It cannot be construed as alleging any other cause of action than that provided by the statute. See *Leone* v. *Kelly*, 77 Conn. 569, 571, 60 A. 136. The conclusions stated in the finding, however, disclose that the court rendered judgment upon the ground that the plaintiff's injuries were occasioned by the negligence of the defendants. In other words, the court decided the case upon an unpleaded cause of action.

It does not follow, however, that the judgment was erroneous. This is not a case where the plaintiff has failed to establish the cause of action upon which he

[1] Sec. 3404. DAMAGE TO PERSON OR PROPERTY. If any dog does any damage to either the body or property of any person, the owner or keeper, or, if the owner or keeper is a minor, the parent or guardian of such minor, shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog.

relied. See *Moran* v. *Bentley*, 69 Conn. 392, 403, 37 A. 1092. It is an instance where not only did he allege facts constituting a good cause of action under § 3404 but the finding shows that he proved them. See *McKenna* v. *Whipple*, 97 Conn. 695, 702, 118 A. 40.

The pertinent essentials of § 3404 are three in number. The statute imposes liability upon these defendants if (1) damage was done to the plaintiff's person by the dog, (2) at the time of such damage, the plaintiff was not committing a trespass or other tort, or was not teasing, tormenting or abusing the dog, and (3) the defendants were its keepers. All of these essentials were alleged in the first count and were put in issue by an answer which was, in effect, a general denial.

To be sure, the court concluded that the defendants were not keepers of the dog. The subordinate facts, however, do not warrant this conclusion and it must be stricken, as requested by the plaintiff in his assignment of errors filed under the rule. Practice Book, 1951, § 393. Section 3374 of the General Statutes defines keeper as "any person, other than the owner, harboring or having in his possession any dog." The defendants obviously harbored the dog. To harbor means "to shelter . . . to give a refuge to." Webster's New International Dictionary (2d Ed). As the finding indicates, the dog frequently returned from Bloomfield to Sigourney Street. On some of these occasions, it remained with the defendants for several consecutive days before being redelivered to Mrs. Bercowetz. For example, it was at Hartford for the first eight days of July. During these periods, the defendants allowed the dog to remain on their property and exercised control of it. In the night season they let it sleep on their porch. Their conduct was such as to leave no doubt that they were harborers, giving, as they did, shelter

and refuge to the animal. As a matter of law, they were keepers within the statute.

It follows, therefore, that the facts necessary to establish the defendants' liability under § 3404 were both alleged in the complaint and found by the court to have been proven. See *Lanna* v. *Konen,* 119 Conn. 646, 650, 178 A. 425; *McCarthy* v. *Daunis,* 117 Conn. 307, 309, 167 A. 918. That the court relied upon a wrong theory does not render the judgment erroneous. A judgment responsive to the issues and supported by the facts should stand, even if the court's method of reaching its decision might be questionable. *Eastern Oil Refining Co.* v. *Court of Burgesses,* 130 Conn. 606, 611, 36 A. 2d 586; Maltbie, Conn. App. Proc., § 18. To remand the case for a new trial is unnecessary. It is only prejudicial error which requires that course. *State* v. *Williamson,* 134 Conn. 203, 204, 56 A. 2d 460; General Statutes § 8006.

The defendants further contend that there was a fatal variance between allegation and proof as to the manner in which the plaintiff was injured. The complaint set forth that the dog attacked the plaintiff "knocking him to the ground and causing him to fracture" his wrist. Proof that the menacing attitude of the dog frightened the plaintiff and caused him to fall is well within the breadth of the complaint's allegation, even though it did not appear that the dog actually knocked him down. It is conceded that it did not come into actual contact with him. That, however, was unnecessary under the statute. The liability of a keeper extends to all damage to the person which is proximately occasioned by the dog. In the case at bar the court found that the plaintiff's injuries were so occasioned.

There is no error.

In this opinion the other judges concurred.