JOSEPHINE WILLAMETZ *v.* GUIDA-SEIBERT DAIRY COMPANY ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued November 12—decided December 17, 1968

*Paul J. McQuillan,* for the appellant (plaintiff).

*Manuel B. Clark,* for the appellees (defendants).

HOUSE, J.   The pleadings in this case indicated that it was a simple, typical, rear-end automobile collision case.   The plaintiff alleged that she was the owner and operator of an automobile which was struck in the rear by a truck owned by the named defendant and negligently operated by its agent. She claimed to have been seriously and permanently injured in the accident.   The defendants admitted the agency of the driver of the truck, pleaded no knowledge as to the truth of the plaintiff's allegation that she was the owner and operator of the automobile, and denied her allegations of negligence and injuries.   The defendants, by way of special defense, pleaded contributory negligence on the part of the plaintiff in failing to keep a proper lookout and to operate her car under proper control and in causing her vehicle to come to a sudden and abrupt

stop without any warning. The parties proceeded to a jury trial on the simple issues framed by these pleadings.

At the trial, the plaintiff offered evidence to prove that she was the owner and operator of a Ford station wagon, in which her son, Earl, was a passenger, when it was struck in the rear by the defendants' milk truck and that as a result of the collision she suffered injuries. The defendants offered evidence to prove that the plaintiff's car came to a stop in the roadway and was just "tapped" in the rear, that the plaintiff was not the operator of the car but was a passenger, and that the car was, in fact, being operated by her son, Earl, who had no license to operate a motor vehicle, his license having been previously suspended. Earl E. Willametz testified that he was a passenger in the car and that the plaintiff was the operator. He admitted that he had previously been convicted of perjury in another case.

The defendants requested that the court charge the jury that, in the light of the evidence that the plaintiff was not the operator of her motor vehicle, if the jury came to the conclusion that she was not the operator and was not telling the truth in this respect, they could take that circumstance into consideration in their deliberations and determination as to whether she was telling the truth with respect to her claimed injuries and damages. The court, in its charge, did mention the conflict in evidence as to the identity of the driver but did not charge exactly as requested by the defendants. It did instruct them in general language that, if they found that any witness had intentionally testified falsely, it was their privilege in their sound judgment to disregard all the testimony of that witness or any part of it which they deemed not to be worthy of belief.

At the conclusion of the charge, the defendants excepted to the court's failure to charge in accordance with their request and also, for the first time, orally requested that the court charge to the effect that, if the plaintiff was found not to be the driver, the verdict should be for the defendants. They also requested for the first time that interrogatories be put to the jury inquiring as to the finding of the jury on the question of the identity of the driver of the Willametz car. The court recalled the jury and charged them in accordance with the defendants' original written request as to the effect which they might give to the plaintiff's other testimony if they found that she was untruthful in her testimony as to the identity of the operator of her automobile. The plaintiff excepted to this supplemental charge on the grounds that it was given after the original charge and separate from the entire charge.

The finding recites that overnight the court realized that the state of the instructions to the jury was such that, if they found that the plaintiff was not the driver, the jury had no instructions to the effect that the defendants' special defense of contributory negligence did not apply to her and no instructions that, if they found that she was not the driver, their verdict should be for the defendants. The next morning the court informed counsel of these further thoughts, pointing out that the case had been tried on the basis of the plaintiff's pleadings, which alleged that the plaintiff was the operator; that, accordingly, the special defense of contributory negligence was directed to her conduct as the alleged operator; and that, if the jury should find that she was not the operator, that special defense would not apply to her and the defendants would have been deprived of an opportunity to plead a

proper special defense against her on the basis of imputed negligence. It then indicated its intention to recall the jury, revoke the prior instruction as to the effect of any untrue testimony by the plaintiff regarding the identity of the driver, instruct them that, if they should find that the plaintiff was not the driver, or if they were unable to determine whether the plaintiff or her son was the driver, their verdict should be for the defendants, and put interrogatories to the jury to ascertain their determination as to the identity of the driver. The plaintiff objected on the ground that to do as the court proposed would pinpoint the question of identity, which could be prejudicial to the plaintiff's case. The court thereupon offered to declare a mistrial, whereupon the plaintiff disclaimed any desire for a mistrial.

After this colloquy with counsel, the court recalled the jury, informing them that it intended to give them some supplemental instructions. It prefaced these by stating: "This case has something of the characteristics of a kaleidoscope, when you change one new glass you get a nice new pattern, or let us say, a chameleon, the more you look at it the more color you see in it. I have seen a point overnight on this thing that I think I should instruct you on in another way, so that's what I expect to do at this time." Thereupon, the court withdrew from the jury its prior instruction on the principle of falsus in uno, falsus in omnibus as it might be applicable to the testimony of the plaintiff that she was the operator of the automobile. In substitution, it charged them that there was evidence that Earl and not the plaintiff was the operator of the station wagon and that, if they found that she was not the operator, or if they were unable to determine from the evidence which of them was the operator, they should return

their verdict for the defendants. The court also informed them that it was submitting five interrogatories and instructed them as to their duty in answering such questions as they found were relevant.[1] At the plaintiff's request, the court also cautioned the jury against giving any special weight or emphasis to the subject matter of its supplemental charge.

The plaintiff, significantly, took no exception to the instruction in the supplemental charge regarding a verdict for the defendants in the event the jury found that the plaintiff was not the operator or were unable to agree as to who was the operator of the plaintiff's car. The plaintiff did except to the court's comment in reference to the peculiarity of the case and on the ground that the supplemental charge brought "out into issue an important part of the case that had been fully covered originally." She also took exception to the interrogatories being submitted to the jury.

After deliberating further, the jury answered the first interrogatory, "No", indicating that they were unable to determine who was the operator of the plaintiff's station wagon. They also, in accordance with the instructions of the court as to a proper verdict in such circumstances, returned a verdict for the defendants. The plaintiff has appealed from the decision of the court denying her motion to set

---

[1] "1. Are you able to determine by a unanimous vote and a preponderance of the evidence who was the operator of the Willametz station wagon?

"2. Was the plaintiff, Josephine Willametz, the driver of the station wagon?

"3. Was Earl Edward Willametz the driver of the station wagon?

"4. Was the defendant Daniel J. Geary chargeable with actionable negligence?

"5. Was the plaintiff, Josephine Willametz, chargeable with contributory negligence?"

aside the verdict and rendering judgment on the verdict.

Although this lengthy recital of the factual background of the appeal is necessary to understand the basis of the plaintiff's assignment of errors, the questions raised by the appeal are relatively narrow. They relate to the court's charge relative to the principle of falsus in uno, falsus in omnibus, its supplemental charge concerning the question of the identity of the driver of the plaintiff's car, and its submission of the interrogatories to the jury.

The court correctly charged in accordance with the accepted rule applicable to a situation where a jury finds that a witness has not testified truthfully. *Craney* v. *Donovan,* 92 Conn. 236, 245, 102 A. 640; *Gorman* v. *Fitts,* 80 Conn. 531, 538, 69 A. 357; 3 Wigmore, Evidence (3d Ed.) § 1008. Furthermore, that portion of the charge was subsequently withdrawn, and the jury were told to disregard that portion of the charge. This instruction effectively cured any possible error. *Ziskin* v. *Confietto,* 137 Conn. 629, 633, 79 A.2d 816.

It was well within the wide discretion of the court to submit interrogatories to the jury for the purpose of ascertaining their decision on the contested issue as to the identity of the operator of the plaintiff's car. Practice Book § 247; *Meglio* v. *Comeau,* 137 Conn. 551, 555, 79 A.2d 187; *O'Donnell* v. *Groton,* 108 Conn. 622, 627, 144 A. 468. There is no merit to the complaint of the plaintiff that the interrogatories unduly pinpointed this issue, which, as indicated by the jury's answer to the first interrogatory, was decisive of the case. The primary purpose of an interrogatory is to elicit a determination of material facts and to furnish the means of testing the correctness of the verdict rendered. *Freedman* v. *New*

*York, N.H. & H.R. Co.,* 81 Conn. 601, 612, 71 A. 901.

The situation before the court was an unusual one. The plaintiff had pleaded that she was the owner and operator of the car, and the defendants had properly pleaded in response to these factual allegations, claiming, by way of special defense, the contributory negligence of the plaintiff as the operator. The court in the first instance properly and fully charged on the basis of the issues in the case as they were thus framed by the pleadings. It was only after the completion of this charge and the submission of the case to the jury that counsel for the defendants and the court realized that, on the basis of the pleadings and the charge predicated on those pleadings, the plaintiff could recover only if she proved the material contested allegation that she was the operator. She was not entitled to a verdict if she failed in her proof of this allegation. "It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. *Nash Engineering Co.* v. *Norwalk,* 137 Conn. 235, 239, 75 A.2d 496. A plaintiff may not allege one cause of action and recover upon another." *Malone* v. *Steinberg,* 138 Conn. 718, 721, 89 A.2d 213; *Schaller* v. *Roadside Inn, Inc.,* 154 Conn. 61, 65, 221 A.2d 263. If in fact Earl, and not the plaintiff, was the operator, there was not only a variance in the factual aspect of the case as pleaded by the plaintiff but a complete failure of proof of a material allegation to the prejudice of the defendants, who were deprived of any reason or opportunity to plead any special defense applicable to that factual situation.

Under the circumstances, the identity of the driver became the decisive issue in the case, and we do not find that the court was in error in its supplemental charge clarifying the problem of this issue.

Its reference to the kaleidoscopic aspects of the case was not harmful in view of the jury's negative response to the inquiry: "Are you able to determine by a unanimous vote and a preponderance of the evidence who was the operator of the Willametz station wagon?" That answer was decisive of the case since it established that the plaintiff had failed to prove her material allegation as to the identity of the operator. A plaintiff cannot recover on a state of facts which was not pleaded, as to which the defendant is afforded no opportunity to plead and which he could not be expected to be prepared to meet on trial. Nor can a plaintiff prevail where he fails to prove a material allegation of his complaint.

There is no error.

In this opinion the other judges concurred.