MILDRED L. LUNDBERG ET AL. *v.* DENES KOVACS ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued November 4, 1976—decision released January 11, 1977

*Richard A. Jontos,* for the appellant (defendant Vermont Mutual Fire Insurance Company).

*Raphael Korff,* with whom, on the brief, was *Samuel Schine,* for the appellee (named plaintiff).

BARBER, J. The plaintiffs brought this action seeking damages, reformation of an insurance policy and other relief, upon a fire loss of property claimed to be insured. The plaintiffs are Mildred Lundberg, individually and as administratrix of the estate of Bertha J. Walkley, and John Cunningham, as administrator of the estate of Frances Cunningham. The defendants are the Vermont Mutual Fire Insurance Company and the Greenwood Insurance Agency. After trial, the court rendered judgment

in favor of the plaintiff, Mildred Lundberg, administratrix of the estate of Bertha J. Walkley, for damages against the defendant, Vermont Mutual Fire Insurance Company, and in favor of the defendant, Vermont Mutual Fire Insurance Company, against all other plaintiffs. The court further rendered judgment in favor of Greenwood Insurance Agency against all parties. The Vermont Mutual Fire Insurance Company has appealed from the judgment rendered.

The plaintiffs' complaint alleges that on November 6, 1968, Bertha J. Walkley was the owner of a one-family dwelling in Newtown; that on that day the defendant, Greenwood Insurance Agency, renewed a fire insurance policy on behalf of the defendant Vermont Mutual Fire Insurance Company insuring the property against loss by fire in the amount of $3000 for the building and $1000 for the contents. The complaint further alleges that Bertha died on October 30, 1970; that the title to the property became vested in her daughters, Mildred Lundberg and Frances Cunningham, but that the policy of insurance was not transferred or assigned to name the new owners subsequent to the death of Bertha. The prayer for relief, in addition to claiming damages, claims that the insurance policy "be reformed so as to change the names of the ownership of the insured real estate to plaintiffs as beneficiaries." The pleadings admit the issuance of a fire insurance policy in the name of Bertha J. Walkley covering the property in question for loss by fire. The defendant insurance company's brief admits that the property suffered a fire loss on November 1, 1971, and the finding is corrected to include this subordinate fact which was both material and included in the draft finding. Practice

Book § 628; *Holt-Lock, Inc.* v. *Zoning & Planning Commission*, 161 Conn. 182, 184, 286 A.2d 299; Maltbie, Conn. App. Proc. §§ 157, 158. It appears from the finding of facts, which is not subject to further material correction, that on November 8, 1952, Bertha, a short time after her husband's death, executed a quitclaim deed conveying the property in question to her daughters, Mildred Lundberg and Frances Cunningham. Bertha died on October 30, 1970. On November 4, 1970, the plaintiff Mildred Lundberg, and her sister, Frances Cunningham, had the deed recorded. Two days later Frances Cunningham died. On November 13, 1970, the plaintiff Mildred Lundberg was appointed administratrix of the estate of Bertha J. Walkley. Mildred, as administratrix of Bertha's estate, filed with the Probate Court an inventory under oath, which inventory did not include the property in question as an asset of the estate.

In addition to an attack on the finding, the defendant insurance company has assigned as error the rendition of a judgment on a cause of action not alleged in the plaintiffs' complaint. The latter assignment of error is dispositive of this appeal. Although the plaintiff Mildred is a party to this action as administratrix of the estate of Bertha J. Walkley as well as individually, the complaint contains no allegation or claim that on November 1, 1971, the property in question was owned by the estate of Bertha J. Walkley. On the contrary, the complaint unequivocally alleges that title had become vested in the daughters, Mildred and Frances, and that, notwithstanding the insurer's knowledge of "the transfer of title to her daughters," the policy was not transferred or assigned to the new owners.

The plaintiffs claimed that the failure to change the name of the assured on the insurance policy was due to a mistake and that the policy should be reformed accordingly. The defendant insurer claimed that Bertha did not have an insurable interest in the property when the policy was issued or on the date of the fire loss, and that the plaintiffs, Mildred Lundberg and Frances Cunningham, were not at any time named insureds on the policy. The court concluded that the quitclaim deed executed by Bertha in 1952 was of no effect because it had not been delivered to the grantees named therein and that Bertha was the owner of the property as of the date of her death.[1] The court further concluded that the defendant insurance company is liable to the estate of Bertha J. Walkley for the total amount of the insurance on the building but that the value of the contents destroyed by fire had not been proved. The judgment rendered adjudges that the plaintiff Mildred Lundberg, administratrix of the estate of Bertha J. Walkley, deceased, recover of the defendant Vermont Mutual Fire Insurance Company the sum of $3000.

The allegations of a complaint limit the issues to be decided on the trial of a case and are calculated to prevent surprise to opposing parties. 61 Am. Jur. 2d, Pleading, § 371; 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 99. "It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. *Nash Engineering Co.* v. *Norwalk,* 137 Conn. 235, 239, 75 A.2d 496. A plaintiff may not allege one cause of action and

---

[1] The court did not consider that an administrator does not have title to real property, that title passes to the heirs subject to the right of administration. See *Brill* v. *Ulrey,* 159 Conn. 371, 375, 269 A.2d 262; *O'Connor* v. *Chiascione,* 130 Conn. 304, 306–308, 33 A.2d 336; *Bowen* v. *Morgillo,* 127 Conn. 161, 168, 14 A.2d 724.

recover upon another. Facts found but not averred cannot be made the basis for a recovery. *Modern Home Utilities, Inc.* v. *Garrity,* 121 Conn. 651, 654, 186 A. 639; *Whiting* v. *Koepke,* 71 Conn. 77, 79, 40 A. 1053." *Malone* v. *Steinberg,* 138 Conn. 718, 721, 89 A.2d 213; *Willametz* v. *Guida-Seibert Dairy Co.,* 157 Conn. 295, 302, 254 A.2d 473; *Schaller* v. *Roadside Inn, Inc.,* 154 Conn. 61, 65, 221 A.2d 263; see *Lesser* v. *Altnacraig Convalescent Home, Inc.,* 144 Conn. 488, 491, 133 A.2d 908.

It is true that our courts have followed a liberal policy in passing upon claims of variance between pleading and proof, but "it is still the law that the allegations of the complaint provide the measure of recovery." *Antonofsky* v. *Goldberg,* 144 Conn. 594, 599, 136 A.2d 338. The variance in this case was neither immaterial nor corrected by amendment, nor was it waived. In fact, the finding discloses that the plaintiffs made no claim at the trial that Bertha J. Walkley was the owner of the property at the time of her death. See *Bronson & Townsend Co.* v. *Battistoni,* 167 Conn. 321, 326, 355 A.2d 299; *Buol Machine Co.* v. *Buckens,* 146 Conn. 639, 642, 153 A.2d 826.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.