BRIDGET MATTHEWS *v.* F.M.C. CORPORATION
(10159)

PETERS, HEALEY, SHEA, GRILLO and SPONZO, Js.

Argued May 5—decision released July 26, 1983

*William F. Gallagher,* with whom, on the brief, were *Richard A. Jontos, James J. Gentile* and *Elizabeth A. Dorsey,* for the appellant (plaintiff).

*Edward J. Holahan, Jr.,* for the appellee (defendant).

SHEA, J. In this suit seeking damages for personal injuries received from a product claimed to be defective the jury found the issues for the defendant manufacturer. The plaintiff has appealed from the judgment rendered in accordance with the verdict and contends: (1) that the charge to the jury unwarrantedly confined the basis for imposing liability on the defendant to the malfunctioning of the machine; and (2) that the evidence was insufficient for submission to the jury of the special defense of misuse of the product by the plaintiff. We find the first claim to be without merit.

That disposition of the issue makes it unnecessary, because of the general verdict rule, to consider the second claim in reaching our conclusion that there is no error.

The jury could reasonably have found from the evidence that the plaintiff was employed by the city of Bridgeport at the Central High School cafeteria as a sandwich maker. The city had purchased a sandwich wrapping machine from the defendant manufacturer for use at the school. The day before the accident, an employee of the defendant had completed the installation of the machine. He had notified the plaintiff's supervisor that he would begin training the cafeteria employees in the use of the machine at 7:30 a.m. the next morning.

On May 9, 1974, the plaintiff started work at 7 a.m. and took her position near the sandwich wrapping machine. Her job was to pack the wrapped sandwiches into a plastic container as they came out of the machine on a conveyor belt. Before the defendant's employee arrived, the supervisor started the machine. Soon afterward the cellophane became bunched up in front of the opening from which the wrapped sandwiches emerged. The plaintiff reached out with both hands to clear the cellophane from the opening. Her right hand became caught in the machine and she lost two of her fingers as a result.

The complaint set forth three liability theories, strict product liability in the first count, breach of an implied warranty in the second count, and negligence in the third count.[1] The error in the charge raised by the plaintiff pertains only to the first count. She claims that the court limited the jury's consideration of the allegation

---

[1] The second count was withdrawn by agreement. The jury rendered separate verdicts in favor of the defendant on the first and third counts.

of a defective and unreasonably dangerous product to whether the malfunctioning of the machine at the time of the accident rendered it defective and unreasonably dangerous. The plaintiff had presented evidence of other dangerous features of the machine, including the absence or inadequacy of warning signs, the lack of a guard around the opening where her hand had been caught, the inaccessible location of the emergency shut-off switch, and the failure to equip the machine with a device to stop the machine automatically if a problem occurred.

In charging upon strict tort liability for a defective product, after a general discussion of the applicable legal principles, the court explained that the plaintiff had the burden of proving that the machine was defective and unreasonably dangerous, but that she needed to prove only one of the defects alleged. The charge continued: "Now, the plaintiff is limited to the defects which she has alleged in the first count of her complaint and you are entitled to consider no others." The court then summarized briefly the first five paragraphs of the first count, which the defendant had admitted. These paragraphs alleged that the defendant had manufactured, sold and installed the machine for use in the high school cafeteria where the plaintiff was employed. The remaining paragraphs, which were contested, were then read almost verbatim. The sixth paragraph alleged that the defendant's employee who had installed the machine told the plaintiff and other cafeteria workers that it could be placed in operation. The seventh paragraph stated that the defendant was in the business of manufacturing and selling sandwich wrapping machines and that the machine which caused the plaintiff to be injured was in a defective and unreasonably dangerous condition, as the defendant knew when it was sold. Paragraph eight alleged that

the plaintiff, with the assistance of her fellow employees, proceeded to use the machine. Paragraph nine, to which the plaintiff claims the charge limited the jury in determining whether the product was defective and dangerous, was as follows: "While said machine as aforementioned was being used by the Plaintiff and fellow employees, the Plaintiff was injured because of the defective and unnecessarily dangerous condition of said machine in that said machine malfunctioned in not allowing cellophane wrapping paper to flow fluidly from the paper dispensing portion of said machine, causing said cellophane paper to become entangled which the Plaintiff, while attempting to untangle said cellophane wrapping paper was caused to have her hand caught in said machine by a second mechanism located on said machine which caused the aforementioned crushing injury." The tenth and eleventh paragraphs alleged that, after the plaintiff's hand was caught in the machine, it remained there for an extended period of time and that her injuries were caused by the defective and unnecessarily dangerous condition of the machine. The court also read the remaining seven paragraphs of the complaint which described the injuries and damages she had sustained.

A discussion of the special defense of product misuse then followed, during which the court explained that, if a seller had reason to anticipate danger resulting from a particular use of the product, he would be obliged to provide adequate warning and that a product sold without such a warning may be in a defective condition. The charge continued: "Considering whether the product is in a defective condition, unreasonably dangerous, you may consider whether the product is (1) either unexpectedly hazardous or (2) creates an ultra hazardous condition or (3) bears no adequate warning or (4) any other fact or circumstance which you may

find material in this matter." After some further mention of product misuse, the court returned to the allegation of a defective product and stated: "The rule of liability applies only where the defective condition of the machine or of the product makes it unreasonably dangerous to the other person." After defining what was meant by "dangerous," the court added: "Further, in considering whether the defect was unreasonably dangerous, you may consider the alleged defect in relation to the entire product. By this I mean you may take into consideration the alleged defective malfunctioning of the cellophane dispenser in relation to the operation of the entire machine in determining whether or not the plaintiff has sustained her burden of proof that the product was unreasonably dangerous to the ordinary person."

At the conclusion of the charge the plaintiff excepted on the ground that the court, by indicating that she was bound by the "perimeters" of her complaint in proving a defect, had restricted the jury to considering only the malfunctioning of the machine which caused the cellophane to bunch up. She relies upon essentially the same claim in this appeal.

"A charge to the jury is not to be critically dissected for the purpose of discovering possible inaccuracies of statement, but it is to be considered rather as to its probable effect upon the jury in guiding them to a correct verdict in the case." *Amato* v. *Desenti,* 117 Conn. 612, 617, 169 A. 611 (1933). Our review of the charge on the product liability count lends no support for the claim of the plaintiff that the jurors were instructed to confine their consideration solely to whether the malfunctioning of the machine rendered it defective and dangerous. The charge directed the jury to consider specifically whether the machine bore an adequate warning as well as "any other fact or circumstance

which you may find material in this matter." The court instructed them to "consider the alleged defect in relation to the entire product," that is, "take into consideration the alleged defective malfunctioning of the cellophane dispenser in relation to the operation of the entire machine in determining whether or not the plaintiff has sustained her burden of proof that the product was unreasonably dangerous to the ordinary person."

The plaintiff filed no request to charge on the nature of the defects which she relied upon as she might have done in accordance with Practice Book § 318. She points to no inaccuracy in the statement of any legal principle referred to in the charge. Her claim is that the general instruction that a plaintiff is limited to the defects alleged in the complaint in relation to the reading of the ninth paragraph which describes how the machine malfunctioned may have led the jury to consider only that basis for finding the machine defective.

We are not persuaded that such a possibility is reasonably probable. *Siladi* v. *McNamara,* 164 Conn. 510, 515, 325 A.2d 277 (1973); *Amato* v. *Desenti,* supra, 617. The principle that a plaintiff may rely only upon what he has alleged is basic. *Lundberg* v. *Kovacs,* 172 Conn. 229, 232, 374 A.2d 201 (1977); *Willametz* v. *Guida-Seibert Dairy Co.,* 157 Conn. 295, 302, 254 A.2d 473 (1968). "It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. *Nash Engineering Co.* v. *Norwalk,* 137 Conn. 235, 239, 75 A.2d 496 [1950]." *Malone* v. *Steinberg,* 138 Conn. 718, 721, 89 A.2d 213 (1952). The court can hardly be faulted by the plaintiff for reading the complaint she prepared. See *State* v. *Ross,* 189 Conn. 42, 47, 454 A.2d 266 (1983); *Bansak* v. *Pawelczyk,* 173 Conn. 520, 523, 378 A.2d 569 (1977); *State* v. *Cobbs,* 164 Conn. 402, 424, 324 A.2d 234, cert.

denied, 414 U.S. 861, 94 S. Ct. 77, 38 L. Ed. 2d 112 (1973) (appellant generally cannot claim error in a trial court action which he has induced). If the charge did not detail all of the deficiencies in the machine upon which evidence was presented, the plaintiff cannot be heard to complain in the absence of a request to charge or an allegation of the complaint specifying them. We find no support for the claim of the plaintiff that the charge unduly narrowed the scope of her claim regarding the defective nature of the product.

Our conclusion that there was no error in respect to the determination in favor of the defendant of the issues raised by the product liability count of the complaint makes it unnecessary to consider the claim that the evidence did not warrant submission of the special defense of misuse of the product to the jury. A general verdict was returned upon this count. "No interrogatories having been requested by the parties or presented in accordance with Practice Book § 312, the verdict signifies that the jury found not only the issues of the complaint but also those of the special defense for the defendant." *Batick* v. *Seymour,* 186 Conn. 632, 638–39, 443 A.2d 471 (1982); *Colucci* v. *Pinette,* 185 Conn. 483, 489, 441 A.2d 574 (1981); *Johnson* v. *Pagano,* 184 Conn. 594, 596, 440 A.2d 244 (1981). The plaintiff concedes that, if no error is found in the charge upon whether the product was defective, the general verdict rule would make it unnecessary to consider her claim of error regarding the submission of the special defense of product misuse.

There is no error.

In this opinion the other judges concurred.