[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (NO. 119)
Defendants moved to strike all three counts of plaintiff's complaint alleging that the counts do not come within Connecticut General Statutes 22-357 which provides, in pertinent part:
 If any dog does any damage to either the body or property of any person, the owner or keeper. . .shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog.
CT Page 684
Count three does not allege liability under this statute, and the motion must be denied as to that count.
Defendants claim that plaintiff's own allegations are that she kicked the defendants' dog and fell in the process, thereby injuring herself. Thus, the dog did not cause the damage.
Count one alleges in paragraph three that defendants' dog "attacked her" causing injuries and damages. This claim brings the count squarely within the absolute liability statute, and the motion is denied as to count one.
Count two does allege that plaintiff kicked defendants' dog and fell while doing so. The count also alleges that the defendants' dog attacked plaintiff's toy poodles and that she was trying to protect them.
Malone v. Steinberg, 138 Conn. 718 (1952) construed a predecessor statute which was essentially the same as the present statute. There the plaintiff was not bitten by the dog but became frightened as the dog approached, kicked at it and fell, fracturing his wrist. At page 723, the court said:
 The liability of a keeper extends to all damage to the person which is proximately occasioned by the dog. (Emphasis supplied.)
The plaintiff's allegations are legally sufficient to state such proximate cause. But for the alleged attack on her property, she would not have been injured according to the allegations.
Whether there was proximate cause in fact or whether plaintiff was abusing the dog are questions of fact for the trier.
The motion is denied as to all counts.
E. EUGENE SPEAR, JUDGE