[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding sounds in tort and was brought in a four count complaint against the defendants, Jaber, Webb and Continental Insurance Company (hereafter "Continental"), to recover damages arising out of an automobile accident. The third and fourth counts are directed against Continental only and allege that it insured the plaintiffs for any personal injuries sustained due to the negligent operation of a motor vehicle by an uninsured or underinsured motorist.
Continental has filed a motion to strike those counts contending that they fail to state legally sufficient causes of action because the plaintiffs have omitted an allegation in either count that the tortfeasor was uninsured or that the limits of liability under the tortfeasor's liability insurance have been exhausted.
The function of a motion to strike "is to test the legal sufficiency of a pleading." (Citation omitted.) Ferryman v. Groton, 212 Conn. 138, 142. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint . . . The court must construe the facts in the complaint most favorably to the plaintiff." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170. CT Page 6361
Section 38a-336(a)(1) of the General Statutes recites that "[e]ach automobile liability insurance policy shall provide insurance, herein called uninsured motorist coverage . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and underinsured motor vehicles . . . ." Subsection (b) of Sec. 38a-336 provides that
 "[a]n insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements . . . ." (Emphasis added.)
This court is quite satisfied that an insured may make a successful claim under the uninsured motorist provisions of a policy upon proof that the tortfeasor is uninsured, or that the limits of liability under the tortfeasor's insurance policy have been exhausted. In order to pursue an action to recover under those provisions, one would necessarily have to make allegations to that effect since "[t]he allegations of a complaint limit the issues to be decided on the trial of a case . . . `It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. . . .'" Lundberg v. Kovacs, 172 Conn. 229, 232. "Thus, the failure to include a necessary allegation in a complaint precludes a recovery by the plaintiff under that complaint." Simsbury Turnpike Realty Co. v. Great Atlantic Pacific Tea Co., 39 Conn. Sup. 367, 369. "[E]ssential allegations may not be supplied by conjecture or remote implication." (Citation omitted.) Cahill v. Board of Education, 198 Conn. 229, 236.
Although counts three and four of the complaint allege that Continental provided Paul Fusek and Mary Sue Fusek with uninsured motorist coverage, both counts fail to allege that the tortfeasor was an uninsured or underinsured motorist at the time of the accident. Counts three and four must fail in the absence of these necessary allegations.
It is noted that in their memorandum in opposition to the motion, the plaintiffs argue that while their uninsured motorist claims may be premature, they must be brought now in order to comply with contractual time limitations. Although CT Page 6362 this may be of valid concern to the plaintiffs, it does not alter the fact that their pleading is insufficient on its face.
The motion to strike counts three and four of the complaint is, accordingly, granted as to both counts.
MORAGHAN, J.