[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE FIRST COUNT OF THE COMPLAINT
The plaintiff alleges in the first count of his revised complaint that he entered into a joint venture with the named defendant's decedent, Angelo J. Sylvester, James Ryan and Barbara Ryan, and that the defendants breached the fiduciary relationship thereby created between the parties for which he seeks to recover money damages. The plaintiff also alleges that although the express purpose of the joint venture was to finance and pursue an appeal from a decision of the Wethersfield Zoning Board of Appeals allowing certain condominiums to be built in the neighborhood where they all resided, the defendants, who were the only actual parties to the appeal, later accepted a cash settlement from the condominium developer and withdrew the appeal without the plaintiff's knowledge or consent, thereby preventing him from sharing in the settlement or deciding "whether the joint venture should continue to proceed as originally determined."
The defendants have filed a motion for summary judgment pursuant to 379 of the Practice Book claiming that no genuine issue of material fact exists as to the first count of the complaint and that they are entitled to judgment on that count as a matter of law. They argue that the undisputed facts fail to show the existence of a joint venture, and that therefore, no fiduciary duty was owed by the defendants to the plaintiff.
Their argument is based on an earlier decision of this court in a related case, Schumann v. Sylvester, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 385417 (April 28, 1993) in which a similar motion was granted based on virtually identical pleadings on the ground that a joint venture could not have existed as a matter of law. The court stated its reasons for entering summary CT Page 8377 judgment in favor of the defendant as follows:
 1. Under Connecticut law the presence of a profit motive is an essential element of a joint venture. Marwin Production Systems, Ltd. v. Pratt Whitney Co., 140 B.R. 327, 330 (D. Conn. 1992).
 2. Collective action taken by property owners to appeal from a zoning decision is not a joint venture where such a motive is not present. Sappenfield v. Mead, 87 N.E.2d 220
(Ill.App. 1949).
The plaintiff has filed a counter affidavit opposing the motion which generally restates the facts alleged in the complaint, namely, that a joint venture was created whose purpose was to prevent construction of the condominiums when the members of the group contributed approximately $200 to retain the services of an attorney, Edward Murphy. He also states in his affidavit that he believes he was an aggrieved party with regard to the condominium complex because he could see the complex from his property and he felt the condominiums would cause a diminution in value of his property, but that despite his belief that he was aggrieved, he was informed that the suit should only be brought in the names of Sylvester and the Ryans, and he does not claim to have protested that decision.
The affidavit goes on to state that the group was informed at a subsequent meeting that the builder had offered a cash settlement but the group decided it was insufficient and after a discussion of the offer it was agreed that if a money settlement was recovered, the group should share equally in the proceeds of the settlement. Although Mahoney states in his affidavit that the group was informed at the same meeting that more money would be required to proceed with the appeal, he has admitted, in response to the defendants' interrogatories, that he did not contribute more money, and that the next thing he heard was that Sylvester and the Ryans had settled and had received payments totalling $195,000.
The plaintiff states in his affidavit that at the meeting where the cash settlement was discussed the group decided to seek more money and agreed to equally share in the CT Page 8378 profits. His attorney, in his oral argument opposing the motion, claimed that if that statement were to be believed by the trier of fact it could find that there had been a modification of the group's purpose at that meeting and therefore that a joint venture came into existence on that date thereby distinguishing the facts in this case from those in Schumann.
It should be noted, however, that no such mutual agreement to change the group's purpose from that of opposing a zoning decision to that of being paid off for withdrawing the appeal has been alleged in the complaint. On the contrary, the sole purpose of the venture as alleged in paragraph 2 of the first count "was to finance said appeal and make certain that certain condominiums were not erected in the neighborhood shared by the plaintiff and the other members of said venture."
The right of a plaintiff to recover is limited to the allegations of his complaint and he may not allege one cause of action and recover upon another, nor can facts which have not been alleged be made the basis for a recovery. Malone v. Steinberg, 138 Conn. 718, 721. The plaintiff's recovery is limited to a claim based upon the originally pleaded group purpose because he alleges that a breach of fiduciary duty arose from the defendants' renunciation of the group's original purpose without his knowledge or consent and he is bound by his pleadings to that theory of liability.
Under a virtually identical fact situation in which the Florida District Court of Appeal held that material issues of fact precluded summary judgment, a judge of that court, in a special concurring opinion stated that "[in] addition to the essentials of an ordinary contract, in contracts creating joint ventures there must be (1) a community of interest in the performance of the common purpose, (2) joint control or right of control, (3) a joint proprietary interest in the subject matter, (4) a right to share in the profits and (5) a duty to share in any losses which may be sustained." McIntosh v. Harbour Club Villas Condominium Association, 468 So.2d 1075
at 1078 (Fla.App. 3rd Dist. 1985) (Nesbitt, J. specially concurring). He concluded that the element of joint control or the right of control was lacking and that therefore no joint venture existed between the parties because "[i]t is abundantly clear that the plaintiffs herein had no authority CT Page 8379 to bind the [defendants] with regard to their appeal of the zoning decision [and that there] are simply no facts which could support an inference that the plaintiffs had and could exercise joint control . . . which is an essential element of a joint venture." Id.
Accordingly, the court concludes as it did in Schumann that summary judgment should enter in favor of the movants on the first count of the revised complaint for the following reasons:
1. The presence of a profit motive is an essential element of a joint venture under Connecticut law. Marwin Production Systems, Ltd. v. Pratt Whitney Co., 140 B.R. 327,330 (D.Conn. 1992).
2. Where such a motive is lacking collective action taken by property owners to prosecute an appeal from an adverse zoning decision does not constitute a joint venture. Sappenfield v. Mead, 87 N.E.2d 220 (Ill.App. 1949).
3. No joint venture was created or existed because the essential element of joint control or the right of control was not present a matter of law. Harbour Club Villas, supra.
Hammer, J.