[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband, 32, and the defendant wife, 30, married each other on July 29, 1985, at New Britain, Connecticut. They were acquainted since childhood. No child has been born of the marriage, nor has any child been born to the defendant since the marriage. Both parties worked throughout the marriage, the defendant working two jobs. Their income was pooled. With no money down, the parties bought a two family house where the plaintiff still lives. The appraisal (defendant's Exhibit #1) values the property at $85,000, and it is subject to a mortgage of $84,000, requiring monthly payments of $790. The tenant pays $450 monthly rent.
The defendant has convinced the court that the plaintiff was physically abusive to the defendant during the marriage, finally, in early 1993, leading the defendant to go to her family at Cape Verde. She stayed two months and upon her return to Waterbury took up residence at her sister's home. She now maintains her own apartment. The plaintiff described the defendant as professing interest in another man she met while visiting in Cape Verde. Except for the plaintiff's claims, there was no corroboration and the court does not credit the plaintiff's version of the marriage breakdown.
In any event, the parties' marriage had irretrievably broken down by early 1993, and any subsequent conduct by either party does not bear on breakdown. Venuti v. Venuti, 185 Conn. 156.
The defendant has a partially vested pension which will fully vest as of July 1, 1994 and a 401k account containing $11,184.73, less loans totalling $3,306.88, (defendant's Exhibit #2). The accrued benefit value of the pension as of December 31, 1992 was $1,078. CT Page 5371
The plaintiff has a greater earning capacity, and has completed high school. Both of defendant's jobs do not generate as much gross weekly income as does plaintiff's one job.
Having reviewed the evidence in light of the statutory criteria and in light of the foregoing, the court enters the following judgment.
1. A decree is entered on the complaint, all of its allegations having been found proven.
2. Sole ownership and possession of the parties' real estate known as 99-101 Congress Avenue, Waterbury, Connecticut, is awarded to the plaintiff who shall assume the mortgage as his sole obligation, holding the defendant harmless and indemnified. The defendant shall execute and deliver a quit-claim deed containing an appropriate assumption clause, prepared by defendant's attorney.
3. The plaintiff shall assign ownership of the 1990 Toyota motor vehicle to the defendant, together with any existing insurance coverages. The plaintiff shall pay the remaining auto loan balance as the remaining installments fall due and shall deliver the certificate of title, properly signed, to the defendant immediately upon obtaining same from the creditor. Further, the plaintiff shall pay any auto tax having fallen due prior to entry of this decree.
4. The plaintiff shall deliver the following items of personal property to the defendant by arranging a mutually convenient pick up:
Living Room:
 a) Recliner chair b) Glass top table c) Two lamps d) Mirror
Dining room: table, 8 chairs, hutch and all the china.
5. Except for the items enumerated in 4 supra and the items already in the defendant's possession, all remaining tangible property in the plaintiff's possession shall remain solely his property. CT Page 5372
6. The 1992 income tax refund shall be divided equally between the parties.
7. The defendant is awarded one-half of the plaintiff's 401K deferred compensation account reported to be $6,500. The transfer to the defendant of $3,250. is non-taxable per this order if properly done.
8. The plaintiff shall retain all of his pension as his sole property.
9. The plaintiff is ordered to pay, as periodic alimony, the sum of $75. weekly for two (2) years. The term is nonmodifiable. A wage withholding per applicable law is ordered.
10. The plaintiff shall cooperate in preserving the defendant's COBRA rights to which she may be entitled for medical insurance continuation through the plaintiff's group coverage at his employer.
11. Each party shall otherwise retain ownership of all other assets they presently possess, they shall each be solely responsible for their respective debts including litigation expenses attributed to this matter.
The foregoing orders are entered despite the fact that the defendant in this case elected to file no answer containing the defendant's claims for relief nor did she file a cross complaint, Practice Book § 456.[1] After the conclusion of the evidence, the defendant's counsel requested the court make an award of periodic alimony. The plaintiff's attorney objected for none was requested in the pleadings.
Section 46b-81 authorizes and permits the court to assign to either party all or any part of the estate of the other party, and subsection (c) sets out elements to consider when making such assignments.
Section 46b-82 states that at the time of entering the decree, the court may order either of the parties to pay alimony to the other, either in addition to or in lieu of an award pursuant to Section 46b-81.
The court is obliged to enter a decree that administers CT Page 5373 complete relief and has the power to act equitably although an action for dissolution is a creature of statute. Pasquariellov. Pasquariello, 168 Conn. 579 at 584-586. In order to fashion a decree that is equitable, the court may exercise its inherent powers whether the parties enumerate their requests for relief or not. Id., at 586-587.
The early case of Winick v. Winick, 153 Conn. 299 (1966), involving a post-judgment contempt hearing alleging unpaid child support reversed the trial court's order suspending current child support for no notice was given the custodial parent that the payor might seek modification of the existing judgment.
The general rule in civil actions is set forth in Lundbergv. Kovacs, 172 Conn. 229, 232:
 "The allegations of a complaint limit the issues to be decided on the trial of a case and are calculated to prevent surprise to opposing parties. 61 Am.Jur.2d, Pleading, § 371; 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 99. "It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. Nash Engineering Co. v. Norwalk, 137 Conn. 235, 239, 75 A.2d 496. A plaintiff may not allege one cause of action and recover upon another. Facts found but not averred cannot be made the basis for a recovery. Modern Home Utilities, Inc. v. Garrity, 121 Conn. 651, 654, 186 A. 639; Whiting v. Koepke, 71 Conn. 77, 79, 40 A. 1053." Malone v. Steinberg, 138 Conn. 718, 721, 89 A.2d 213; Williametz v. Guida-Seibert Dairy Co., 157 Conn. 295, 302, 254 A.2d 473; Schaller v. Roadside Inn., Inc. 154 Conn. 61, 65, 221 A.2d 263; see Lesser v. Altnacraig Convalescent Home, Inc., 144 Conn. 488, 491, 133 A.2d 908."
Is this civil rule applicable to a dissolution?
In Tsopanides v. Tsopanides, 181 Conn. 248, the defendant made no claims for relief. The plaintiff had claimed conveyance to her of 4 jointly held parcels of real estate which were alleged and specifically identified. The trial court also ordered the plaintiff to convey some parcels of property to the defendant. On appeal, the plaintiff claimed the trial court had erred since the defendant made no claim for relief seeking CT Page 5374 transfer to him, citing Winick, supra. Pointing out that the plaintiff put in issue the disposition of the real estate parcels she could not claim lack of notice. The plaintiff's complaint also requested, as quoted on p. 249:
 "`[w]hatever further relief the court in equity may deem proper.'"
The court pointed out that even in the absence of such "omnibus request" that
 "Finally, the plaintiff is chargeable with notice that under General Statutes § 46b-81(a) the court was specifically authorized to assign the property of one spouse to another. Hodge v. Hodge, 178 Conn. 308, 315-16, 422 A.2d 280 (1979)."
Id., p. 250
The court in a dictum, citing Lundberg v. Kovacs, supra, observed that if no omnibus request had been made, the court would have been limited to the plaintiff's specific requests.
The Hodge case found cited in the quote supra dealt with a divorce action commenced against a non-resident who owned real estate in Connecticut. The prayer for relief claimed alimony but no prayer for assignment of the defendant's interest in the Connecticut real estate. The defendant did not appear in the action. The trial court found that the defendant had actual notice that the complaint was pending and rendered judgment granting a divorce and ordered that the defendant's interest in certain real estate be vested in the plaintiff. No appeal was taken from the judgment. Several years later, the defendant moved to modify the judgment seeking, inter alia, to have the real estate transfer vacated. The trial court denied this request and the defendant appealed, claiming that he had inadequate notice that the court might adjudicate the property issue. The defendant was charged with knowledge of the relevant Connecticut Statutes, and their interpretation, in particular § 46-21 (now § 46b-81 and 46b-82). The defendant's claim that there was lack of notice was held to be without merit.
The case of LaCroix v. LaCroix, 189 Conn. 685, is factually very similar to the present case. The plaintiff husband began the action for dissolution and included a claim for CT Page 5375 "`[s]uch other relief as to equity may appertain.'" but did not include a claim for alimony. The defendant's answer and cross complaint filed during trial was held invalidly late and could not be considered by the trial court. The plaintiff then claimed that the alimony and property awards were issues not raised in his complaint and could not be considered under the invalid cross complaint. The court held that § 46b-82 does not make the award contingent on a specific request for alimony by the party to whom it is awarded. Id., p. 688 and again at pp. 689-690:
 "As previously noted, in his pleadings the plaintiff made a claim for "[s]uch other relief as to equity may appertain." The court determined that the equitable relief necessary to the decree of dissolution included an alimony award. The plaintiff seeks equity only for himself, but this he may not do. One who seeks equity must also do equity and expect that equity will be done for all. See Sturgis v. Champneys, 5 Myl. Cr. 97, 105, 41 E.R. 308 (1839); 1 Pomeroy, Equity Jurisprudence 419, § 385 et seq. (1881). An equitable award may be found to be error only if it is based on factual findings that are clearly erroneous; Kaplan v. Kaplan, 186 Conn. 387, 391-92, 441 A.2d 629 (1982); or if it is the result of an abuse of discretion. Tutalo v. Tutalo, 187 Conn. 249, 251-52, 445 A.2d 598 (1982); see McPhee v. McPhee, 186 Conn. 167, 177, 440 A.2d 274 (1982). No such claim has been made here."
In Vanderlip v. Vanderlip, 1 Conn. App. 158, the plaintiff husband brought the action for dissolution claiming only a dissolution of marriage. No pleading was filed by the defendant. After a trial, the court entered a decree adjudicating custody, support, alimony, attorney's fees and the disposition of property. The appellate court found no error.
This court concludes that the civil action rule declared inLundberg, supra, does not apply in this case. The plaintiff's claim for relief set out in the complaint included counsel fees, an equitable division of the real and personal property of the parties pursuant to the statute made and provided and such otherrelief as to equity may appertain (emphasis added). This allows this court to fashion a judgment following the criteria set forth in Gen. Stat. § 46b-81 and 46b-82. CT Page 5376
Finally, the court's time limited alimony is designed to be rehabilitative in nature since the marriage was of 8 years duration, both parties worked throughout the marriage and the defendant was obliged to establish a separate residence after the parties' separation. Cf. Ippolito v. Ippolito,28 Conn. App. 745.