[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff alleged in her complaint that she fell on the defendant's premises on November 27, 1996, and suffered severe injuries. A trial to the court was held over a period of several days; after briefs were filed, the case was argued orally.
The mechanics of the fall are far from clear. It is not CT Page 7015 disputed, however, that the plaintiff was almost ninety years old at the time of the injury. She lived in Bella Vista, a residence for seniors. Although she was largely self-sufficient at the time of the fall, she had a medical history which included cataracts, cataract removal, glaucoma, epilepsy, transient ischemic attacks, and arthritis; there is a suggestion of difficulty with peripheral vision. The medical history since the fall is somewhat complex: she essentially broke her left femur near the hip joint. After significant rehabilitation, she needed a second operation because of necrosis: she now uses a wheelchair for mobility.
On the day of the fall, she was picked up at Bella Vista by a bus; the bus company had been hired by the defendant Stop Shop to bring shoppers to the store. There were perhaps twenty-five people on the bus that day. The driver parked thirty to forty feet to the left of the store as one faces it from the parking lot; such was his usual practice. The plaintiff shopped for most of the allotted time.
At the time, the Stop Shop facility in question was beginning a substantial addition. Two neighboring stores were being demolished, and the defendant was expanding into those areas. At the time of the fall, actual demolition had not begun, but a wire fence had been erected to keep people away from the area which was about to be demolished, and cement barriers, resembling Jersey barriers, had been put into place in order to provide a safe walkway for shoppers past the construction area.
In any event, the plaintiff made her way into the store, presumably through the entrance to the left as one sees the store from the parking lot, and made her purchases. She did not purchase many items, as she only needed a few things. She pushed her cart with the items in them as she left the same doorway area. According to her testimony at trial, she fell on the sidewalk as she was coming out of the store. She said she saw two big "planks" — which were actually the cement barriers — and glanced around to see where to go to get to the bus. She testified that she fell down as she turned and the first thing she knew she was on the sidewalk, because the wagon — or shopping cart — had taken her down with it. Later, on cross examination, she said she thought that the cart hit a rock or rocks with a wheel and, as it fell, she held on and went down with it. Her memory of the accident was, as a generalization, quite sketchy at best. CT Page 7016
The nursing note at the time of her arrival at the hospital gives the patient's history as follows: "I was going grocery shopping and the cart started slipping away from me so I held on and then the cart and I fell." The discharge summary includes: "She stated that she lost her balance while moving around an obstacle and the cart went off the curb, throwing her off balance and causing her to fall." This is similar to language in a progress note of November 27, 1996.
The plaintiffs theory at trial was somewhat different from that suggested by a logical reading of the pleadings.[1] At trial, the plaintiff introduced photographs tending to show that a curb in the area of the doorway probably used by the plaintiff at the time of the fall was in poor repair and most likely had lost whatever yellow paint that had ever served to distinguish it from its surroundings. The plaintiff also introduced testimony and documentary evidence tending to show that Stop Shop's own policies require that curbs in pedestrian areas be painted yellow and ramps green, in order to enhance customer safety. The theory, then, is that the defendant was negligent in failing to abide by its safety procedures, and that inadequately marked curbing was a substantial factor in causing the plaintiffs fall.
First, it should be noted that, because of the state of the pleadings, the defendant was somewhat taken aback as the plaintiffs theory of liability emerged at trial. A logical reading of the pleadings — including the operative complaint which was filed approximately three months prior to trial — would lead one to believe that the plaintiff was claiming that debris and perhaps holes had rendered the sidewalk surface unsafe, and that the defendant had failed to remedy the difficulty. At trial, it was clear that the defendant was prepared to address that issue, but was not specifically prepared to rebut the issue of painted warnings, or lack thereof. While pleadings are indeed to be liberally interpreted to avoid injustice; see [Fuller v. FirstNational Supermarkets, Inc., 38 Conn. App. 299, 302 (1995); it is at least equally true that the right of a party to recover is limited to the allegations of the complaint. "A plaintiff may not allege one cause of action and recover upon another. Facts found but not averred cannot be made the basis for a recovery. (Citations omitted)." [Lundberg v. Kovacs, 172 Conn. 229, 232-33
(1977). The plaintiff has argued that the amendment in January, 1999, which changed the conjunctive between the descriptions of the sidewalk surface from "and" to "and/or"[2] put the defendant on notice that a broader range of evidence might be CT Page 7017 offered. Nonetheless, it would have been a simple matter to amend the complaint, at some point prior to trial or perhaps even during trial if justice so demanded, to allege specifically that the defendant negligently allowed the painting system to deteriorate or caused the deterioration. Because one of the functions of pleadings is to prevent surprise to opposing parties; see [Lundberg v. Kovacs, supra; and I find that the defendant was not reasonably put on notice of the ultimate theory of liability propounded by the plaintiff and in fact was surprised by it, I am constrained to find that the plaintiff has not proved the allegations of the complaint as pleaded.
An independent ground also exists. Even if it were found to be proved that the defendant had notice of a defective condition of the sidewalk, in that the curbing was not adequately marked, I do not find it proved that any such defect caused the fall. A finding of cause in fact, or actual cause, requires proof that the particular injury would not have happened in the precise way that it did occur had the defect not existed. [Coste v. RiversideMotors. Inc., 24 Conn. App. 109, 113 (1991). "The ordinary test for causation in fact is, simply, would the injury have occurred were it not for the actor's conduct.' [Kowal v. Hofher, [181 Conn. 355], 359." [Boehm v. Kish, 201 Conn. 385, 391
(1986). If the causal connection between negligence and the accident amounts to no more than speculation, causation has not been proved. [Boehm v. Kish, supra. The plaintiff has the burden to prove a definite basis for causation. [Wu v. Fairfield,204 Conn. 435, 439-40 (1987).
In the case at hand, no persuasive evidence was presented as to causation. The plaintiff at trial gave very few details as to how she fell; perhaps she does not remember. At one point she suggested that a wheel of the cart may have hit a rock. Several different versions are related in the medical reports: if the cart simply "got away from her" — or rolled down a ramp or incline — then causation would be affirmatively disproved. Any one of the versions suggested, or perhaps some other version entirely, may be ultimately correct. As there were no other eyewitnesses to the accident, and the plaintiff has virtually no recollection of the mechanics of the accidents, I find that the plaintiff has not sustained her burden of proof as to the element of causation.
Judgment may enter in favor of the defendant. CT Page 7018
Beach, J.