[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
Re: Motion to Strike #101
 FACTS
On January 17, 2002, the plaintiff, Dennis Laws, filed a single count complaint alleging that the defendant, Christine Elliot, is the owner and keeper of a three-year-old dog, who was allegedly involved in an incident on July 11, 2002, when Laws was bitten several times in the back of the leg. Elliot filed a motion to strike on March 7, 2002, on the grounds that Laws fails to allege either a cause of action under General Statutes § 22-357,[1] the Connecticut dog-bite statute, or a cause of action sounding in common law negligence. On March 25, 2002, Laws filed a request for leave to amend the complaint along with a proposed amended complaint. The amended complaint alleges that Elliot is the owner and keeper of the dog, within the meaning of § 22-357, at the time of the alleged incident. On March 26, 2002, Elliot filed an objection to Laws' request to amend. Although Elliot styles this as an objection, it is in substance a reassertion of the grounds of the motion to strike, arguing that these grounds are equally applicable to the amended complaint. Thus, the court will treat as operative the amended complaint filed on March 25, 2002, and address the motion to strike as being directed against the amended complaint. See Milford Power Co. v. Alstom Power,Inc., Superior Court, judicial district of New London at Norwich, Docket CT Page 9053 No. 121672 (May 2, 2001, Koletsky, J.) (footnote one); Mayer v. Gammill, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 342234 (July 22, 1998, Stodolink, J.) (footnote one). Laws filed a memorandum in opposition to Elliot's motion to strike on March 27, 2002.
 DISCUSSION
Elliot argues that the motion to strike should be granted because Laws fails to allege either a cause of action based on a violation of §22-357, the Connecticut dog-bite statute, or a cause of action sounding in negligence. Elliot argues that in order to take advantage of the benefits and protections of § 22-357, the plaintiff must plead all of the elements required under the statute. Additionally, Elliot argues that Laws' allegations fail to state a claim under common law negligence.
Laws argues in opposition that because Elliot was the owner and keeper of the dog, she is liable for Laws' injuries pursuant to § 22-357. Laws argues that the allegations that Elliot was the owner and keeper of the dog at the time of the alleged incident are sufficient to assert a claim under the dog bite statute.
There are three essential elements of the dog bite statute that must be pleaded. First, the plaintiff must be injured by the dog in question; second, the plaintiff must not have been trespassing or committing another tort, or teasing, tormenting or abusing the dog; and third, the defendant must be the dog's owner or keeper. See Malone v. Steinberg,138 Conn. 718, 722, 89 A.2d 213 (1952); see also General Statutes §22-357.
In the present case, Laws' amended complaint alleges that Elliot was the owner and keeper of the dog within the meaning of § 22-357. The complaint fails to assert that he was not trespassing or committing another tort, or teasing, tormenting or abusing the dog as required under § 22-357. Therefore, Laws has failed to allege sufficiently a cause of action based on a violation of the dog bite statute.
In order to recover damages from a dog-bite injury based on common law negligence, a plaintiff must prove "that the dog had vicious propensities and that the owner or keeper had knowledge, or the means of knowledge, of them." Basney v. Klema, 2 Conn. Cir. Ct. 538, 544, 203 A.2d 95 (1964). This standard has been followed by the majority of Superior Courts in recent years. See Marquez v. Hartford Housing Authority, Superior Court, judicial district of Hartford, Docket No. 805023 (October 26, 2001,Fineberg, J.); Danahy v. Johnson, Superior Court, judicial district of Hartford, Docket No. 579914 (April 12, 1999, Teller, J.) (24 Conn.L.Rptr. 400, 400); Reed v. Comen, Superior Court, CT Page 9054 judicial district of Fairfield at Bridgeport, Docket No. 311292 (April 29, 1998, Mottolese, J.). In the present case, Laws has failed to state a claim under theories of common law negligence because he has not alleged facts to support a claim that Elliot knew or should have known of the dog's dangerous propensities.
 ORDER
The plaintiff has failed to allege sufficient facts to support a claim under either § 22-357 or common law negligence. Therefore, for the foregoing reasons, the defendant's motion to strike the amended complaint is granted.
Foley, J.