JOSEPH M. KESSLER v. DAVID T. LERNER, INC.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 67275

Memorandum filed February 18, 1948.

*Francis R. Danaher* and *Benjamin Zempsky,* of Meriden, for the Plaintiff.

*William M. Citron,* of Hartford, for the Defendant.

INGLIS, J. This action was instituted to recover for services rendered by an accountant. The defendant has interposed a counterclaim for damages resulting from claimed negligence in performing the accounting work.

The motion now sets forth that at the time the claimed neglect occurred the plaintiff was associated in a partnership with one Joseph Rachels. The prayer of the motion is that said Joseph Rachels be cited in as a party plaintiff.

In the first place it should be pointed out that no person may be made a party plaintiff in an action without his consent. If he is a necessary party to the action he must be made a defendant.

Aside from that, Rachels is clearly not a necessary party on the face of the counterclaim. The counterclaim sets up a cause of action against the plaintiff as an individual. It does not allege a partnership. If in fact the defendant is seeking to hold the plaintiff liable for breach of contract solely because he was a member of a partnership, the other member of which partnership performed partnership work negligently in violation of contract, it would be an adequate defense against the counterclaim for the plaintiff to set up those facts. The liability of partners upon contractual obligations is joint. 47 C. J. 903. Accordingly, if what the defendant is relying on is breach of a contract entered into by the partnership to perform the work with due skill, the cause of action cannot be maintained against one partner alone.

If the cause of action stated in the counterclaim sounds in tort, i. e., for negligence, the rule seems to be that the liability is joint and several. 47 C. J. 906. Under those circumstances the plaintiff has no right to insist that defendant look to Rachels if the defendant does not see fit so to do.

In other words, the only place which Rachels could occupy if he were made a party to this action which would be of any

advantage to the plaintiff would be in the event that the counter-claim sounds in tort. If it did sound in tort it might be that the plaintiff could recover from Rachels the amount of any damages which the plaintiff had to pay as a result of a tort committed by Rachels. This would be on the same theory as that by which a principal may recover from his agent any damages which the principal has had to pay to a third party by reason of the agent's tort. Such liability to a principal on the part of an agent does not arise until after judgment has been rendered in favor of the third party against the principal. Under such circumstances the agent cannot be joined in the action by the third party so as to permit the entering in that same action not only of a judgment against the principal in favor of the third party but also a judgment in favor of the principal against his agent for indemnity. This might be done under the third party practice provided by the federal rules but not under the practice in this state. Practice Book § 18.

For the foregoing reasons the motion is denied.