Shorehaven Dodge, Inc. *v.* Robert Costa
(4127)

Spallone, Daly and Bieluch, Js.

Argued March 21—decision released June 10, 1986

*Roy D. Moss,* for the appellant (plaintiff).

*John Wayne Fox,* with whom, on the brief, was *Susan L. Stratton,* for the appellee (defendant).

DALY, J. The plaintiff initiated this action to recover a deficiency judgment under a retail installment contract for the purchase of an automobile. The defendant moved to require the plaintiff to amend its complaint to cite in Chrysler Credit Corporation (Chrysler Credit) and Chrysler Corporation (Chrysler) as additional parties plaintiff, which motion was granted by the trial court, *McGrath, J.* After a hearing, the trial court, *West, J.,* granted the defendant's motion to nonsuit the plaintiff for failure to comply with the order of Judge McGrath. The plaintiff has appealed from the entry of nonsuit.[1]

The following facts are not in dispute. On June 24, 1983, the defendant Robert Costa purchased a new 1983 Dodge Charger automobile from the plaintiff, Shorehaven Dodge, Inc. A retail installment contract was executed between the plaintiff and the defendant in connection with the purchase. On July 6, 1983, the plaintiff assigned all of its rights in the installment contract to Chrysler Credit. The defendant's car apparently was experiencing mechanical problems which were brought to the attention of the plaintiff and the Chrysler consumer satisfaction board. The problems were not resolved and the defendant defaulted on making his payments under the contract. Chrysler Credit then repossessed the car. Subsequently, the plaintiff

---

[1] The parties have treated this as a judgment of nonsuit. Therefore, we consider it as such for purposes of this appeal.

paid $8616.46 to Chrysler Credit for which the plaintiff received an assignment of the contract and title to the vehicle. The plaintiff then proceeded, under General Statutes § 42-98 et seq., to sell the automobile for less than the balance due and the expenses incurred. The plaintiff thereafter instituted this action to recover a deficiency of $2086.54 from the defendant.

On appeal, the plaintiff claims that the trial court abused its discretion in ordering it to cite in Chrysler and Chrysler Credit as additional parties.[2] The plaintiff argues that compliance with the order was impossible because it had not brought a cause of action against these parties nor had the parties consented to be joined as parties plaintiff.

General Statutes § 52-107 provides in pertinent part: "The court may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the court may direct that such other parties be brought in." "The decision whether to grant a motion for the addition of a party to pending legal proceedings rests generally in the sound discretion of the trial court." *Lettieri* v. *American Savings Bank,* 182 Conn. 1, 13, 437 A.2d 822 (1980). "Judicial review of an alleged abuse of discretion centers on the question of whether the court could reasonably have concluded as it did." *Smith* v. *Smith,* 185 Conn. 491, 494, 441 A.2d 140 (1981); *Long* v. *Schull,* 184 Conn. 252, 255, 439 A.2d 975 (1981). "The real issue in any motion for joinder is the presence of all the interested parties, either as

[2] The court, *McGrath, J.,* ordered that "the plaintiff amend its complaint to state facts showing the interest of CHRYSLER CREDIT CORPORATION and CHRYSLER CORPORATION in this action and summon CHRYSLER CREDIT CORPORATION and CHRYSLER CORPORATION to appear as plaintiffs in this action."

plaintiffs or as defendants, to enable the court to make a complete determination of all of the matters in controversy." *Lettieri* v. *American Savings Bank,* supra, 13. Apparently, a complete determination is possible in this case without Chrysler and Chrysler Credit because the defendant instituted a separate action against these parties arising out of the same transaction.[3]

General Statutes § 52-101 provides in pertinent part: "All persons having an interest in the subject of a civil action . . . may be joined as plaintiffs . . . and, if one who ought to be joined as plaintiff declines to join, he may be made a defendant, the reason therefor being stated in the complaint." If a party is a necessary party to an action, he must be made a defendant, but no person may be made a party plaintiff in an action unless his consent is obtained. *Kessler* v. *Lerner,* 15 Conn. Sup. 288, 289, (1948).

Even if we assume arguendo that Chrysler and Chrysler Credit are parties who should be joined, there is no indication that they assented to be joined as parties plaintiff and, therefore, they may be made defendants. Yet, the trial court's order limited their appearance to that of plaintiffs. The defendant should have proposed a third party complaint to the court and moved for permission to implead the parties as defendants. "The principle that a plaintiff may rely only upon what he has alleged is basic." *Matthews* v. *F.M.C. Corporation,* 190 Conn. 700, 705, 462 A.2d 376 (1983). In light of these circumstances, we conclude that the trial court's action was an abuse of its discretion.

There is error, the judgment is set aside and the case is remanded with direction to vacate the order citing in Chrysler and Chrysler Credit as additional parties.

In this opinion the other judges concurred.

---

[3] While this appeal was pending, the defendant filed a separate action. Superior Court, Judicial District of Stamford-Norwalk, No. CV85-77034.