[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE CHALLENGING JOINDER OF PARTY PLAINTIFFS AND CAUSES OF ACTION
Plaintiff, John MacAdams brings this action in an individual capacity and derivatively on behalf on L.P. MacAdams (LPMCO). The defendants are Donald MacAdams, allegedly the president of LPMCO and a member of its board of directors, and L.P. MacAdams Co., Inc. The plaintiff alleges that he and Donald MacAdams each own 50% of the stock. The plaintiff further alleges that he is the vice president of LPMCO and a member of its board of directors.
The amended complaint contains five counts: (1) count I alleges breach of fiduciary duty, fraud, waste and/or CT Page 437 conversion, self-dealing, and usurpation of corporate opportunity, (2) count II claims relief pursuant to Conn. Gen. Stat. 33-315 (court proceeding to determine validity of election or appointment of directors of officers), (3) count III alleges malicious interference with an employment relationship, (4) count IV alleges failure to pay wages in accordance with Conn. Gen. Stat. 31-72 (civil action to collect wage claim), and (5) count V alleges a wrongful discharge. All counts are directed at both defendants.
The plaintiff seeks money damages, an accounting, an order imposing a constructive trust upon moneys wrongfully appropriated, an order pursuant to Conn. Gen. Stat. 33-315 removing Donald MacAdams as director and officer of LPMCO, the appointment of a receiver pursuant to Conn. Gen. Stat. 52-504
et seq., costs and attorney's fees pursuant to Conn. Gen. Stat.52-572j(b)(7), a declaratory judgment, damages pursuant to Conn. Gen. Stat. 31-72 and other relief as the court may deem just and equitable.
The defendants have each filed a separate motion to strike attacking the entire complaint. Both defendants claim misjoinder of causes of action as a ground for their motions to strike. Additionally, defendant Donald MacAdams moves to strike the complaint on the ground of misjoinder of parties. Both defendants filed memoranda. The plaintiff filed a memorandum in opposition.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). A motion to strike is the proper pleading to contest "the joining of two or more causes of action, which cannot properly be united in one complaint." Conn. Practice Bk. 152. "The exclusive remedy for misjoinder of parties is by motion to strike." Conn. Practice Bk. 198.
In reviewing a motion to strike, the court "must take the facts to be those alleged in the plaintiff's complaint, and must construe the complaint in the manner most favorable to the plaintiff." Mozzochi v. Beck, 204 Conn. 490, 491 (1987). "[G]rounds other than those specified should not be considered by the trial court in passing upon a motion to strike." Morris v. Hartford Courant, 200 Conn. 676, 682 (1986). "In judging a motion to strike . . . `it is of no moment that the plaintiff may not be able to prove [his] allegations at trial."' Levine v. Bess Paul Sigel Hebrew Academy of Greater Hartford, Inc.,39 Conn. Sup. 129, 132 (1983). "The sole inquiry at this stage is whether the plaintiff's allegations, if proved state a cause of action." Id. Where a motion to strike is directed at the entire complaint, it must fail if any of the plaintiff's claims CT Page 438 are legally sufficient. Doyle v. A P Realty Corporation,36 Conn. Sup. 126, 127 (1980).
Both motions to strike will be addressed together.
Both defendants claim misjoinder of causes of action as a ground for striking the complaint. Specifically, the defendants argue that the complaint contains individual claims (counts three through five), and derivative claims, (counts one and two). Defendants argue that the joining of derivative claims and individual claims is prohibited by Conn. Gen. Stat.52-572j.
"Whenever any corporation of any unincorporated association fails to enforce a right which may properly be asserted by it, a derivative action may be brought by one or more shareholders or member to enforce the right" Conn. Gen. Stat. 52-572j(a). However, "[t]he derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated." Conn. Gen. Stat. 52-572j(a). Conn. Gen. Stat. 52-572j(a) does not address the joining of a derivative action with other causes of action, but speaks of defeasance.
"In any civil action the plaintiff may include in his complaint both legal and equitable rights and causes of action . . . but, if several causes of action are united in the same complaint, they shall be brought to recover . . . (7) upon claims, whether in contract or tort or both, arising out of the same transaction or transaction connected with the same subject of action." Conn. Gen. Stat. 52-97; see also Conn. Practice Bk. 133 and 134.
 Where the facts forming the basis upon which the plaintiff claims relief constitute a single transaction or occurrence he may sue in one action two or more defendants against whom he claims relief, and it does not matter that they be liable concurrently, successively or in the alternative, or that the relief against each has a different legal basis. We can then define a cause of action . . . as meaning a single group of facts which are claimed to have brought about an unlawful injury to the plaintiff for which one or more of the defendants are liable, without regard to the character of the legal rights of the plaintiff which have been violated.
Veits v. Hartford, 134 Conn. 428, 434 (1948). CT Page 439
The gravamen of the amended complaint is an alleged series of transactions in which defendant Donald MacAdams used his position with the defendant corporation for his own personal gain and that of his immediate family. The plaintiff alleges that by these actions, Donald MacAdams breach his fiduciary obligation. Each of the five separate causes of action contains the same basic allegations of fact.
As alleged the five counts of the complaint arise out of the same transactions. Consequently, the five counts of the complaint are properly joined. Accordingly, the defendants' motions to strike the entire complaint of the ground of misjoinder of causes of action is denied.
Additionally, defendant Donald MacAdams claims misjoinder of party plaintiffs as a ground for the motion to strike. In his memorandum, defendant MacAdams argues that Conn. Gen. Stat.52-572j prohibits the joining of individual claims with derivative claims by a single shareholder.
"All persons having an interest in the subject of the action, and in obtaining the judgment demanded, may be joined as plaintiffs." Conn. Gen. Stat. 52-101; see also Shorehaven Dodge, Inc. v. Costa, 7 Conn. App. 613, 616 (1986).
"A shareholder's derivative action is an equitable action by the corporation as the real party in interest with a stockholder as a nominal plaintiff representing the corporation. [citation omitted]." Barrett v. Southern Connecticut Gas Co., 172 Conn. 362, 370 (1977). Although the plaintiff has brought this action in two separate capacities, he is only a single plaintiff. See Yanow v. Teal Industries, Inc., 178 Conn. 262, 281-82 (1979). Accordingly, defendant Donald MacAdams' motion to strike on the ground of misjoinder of parties is denied.
CLARANCE J. JONES, JUDGE