[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFFS' MOTION TO CITE IN ADDITIONAL PARTY PLAINTIFFS
In a memorandum of decision dated October 31, 2000, this court granted summary judgment to the defendant as to most of the contract claims asserted by Edward Collins, John J. O'Brien, Kevin Lynch, Robert Biondino, John Irving, Scott Gray, Ronald Ripps, Michael Marks, Kiistaps J. Keggi and John Keggi. This court concluded that these individual physicians were not parties to contracts with the defendant, but that they were members of professional group practices, organized as professional corporations or limited liability corporations, and that the contracts were between the groups and the defendant. The court therefore ruled that these plaintiffs had standing to assert only one claim that was expressly declared to be owed not merely to the groups as entities but also to all members of the group, namely, the maintenance of a member identification system.
The plaintiffs have moved to cite in as additional plaintiffs the professional groups with which some plaintiffs are affiliated and have filed a proposed amended complaint that identifies such affiliations and includes the claims that this court has ruled that the plaintiffs identified above lack standing to raise. The parties that the movant seeks to cite in as plaintiffs are Connecticut Family Orthopedics, P.C., Connecticut Sports Medicine Orthopaedic Center, P.C., Hartford Orthopedic Surgeons, P.C., and Orthopaedic Surgery, P.C. The proposed amended complaint dated December 18, 2000, omits some of the plaintiffs identified in the present complaint, namely, Robert Biondino, John Irving, and Michael Marks. The defendant has objected to the motion to cite in plaintiffs.
Additional Plaintiffs
The motion to cite in is not a motion filed on behalf of the group practices with which individual doctors are affiliated. Counsel for the plaintiffs have not filed appearances for those entities, and the form of the proposed order is for an involuntary imposition on these entities of the status of plaintiff. The movants propose that the court issue an CT Page 394 order "summon[ing them] to appear as co-Plaintiffs in this action" upon service of a writ, summons and complaint.
The movants assert that the professional corporations are "necessary parties," and for that reason must be joined as parties. A party is necessary if its interests will be affected by adjudication of the claims in a civil action brought by another. Conn. Gen. Stat. § 52-107; Practice Book § 9-18. The movants assert that the court may require the professional groups, which are separate, discrete entities, to make claims against the defendant. The basis for the proposed order is the movants' view that in finding that they lacked standing to enforce a contract to which they are not parties, the court decided that the corporations which are the contracting parties are necessary parties to the plaintiffs' litigation.
In holding that the movants lacked standing, the court in no way ruled that the party that does have standing must file a claim. While standing is a necessity to adjudication, it does not follow that if the person who files a claim lacks standing, the entity with standing becomes a necessary party who must, even against its will, assert the claim. "The decision whether to grant a motion for the addition of a party to pending legal proceedings rests generally in the sound discretion of the trial court." Lettieri v. American Savings Bank, 182 Conn. 1, 13 (1980)." Dodgev. Costa, 7 Conn. App. 613, 615 (1986). See Washington Trust Company v.Smith, 241 Conn. 734, 747 (1997).
It is not within the authority of the court to require an entity to bring an action against its will. Section 52-101 of the Connecticut General Statutes provides: "All persons having an interest in the subject of a civil action, and in obtaining the judgment demanded, may be joined as plaintiffs, except as otherwise expressly provided; and, if one who ought to be joined as plaintiff declines to join, he may be made a defendant, the reason therefor being stated in the complaint." The professional corporations that the plaintiffs seek to join as plaintiffs have not sought party status, the method by which a party asserts an interest in a claim. The Appellate Court has determined, in this regard: "[i]f a party is a necessary party to an action, he must be made a defendant, but no person may be made a party plaintiff in an action unless his consent is obtained." Dodge v. Costa, supra, 7 Conn. App. 615.
The movants seek an order from this court requiring such entities to make claims against the defendant. If the professional corporations wish to assert the claims advocated by the individual physicians that are affiliated with them, they are certainly free to move on their own behalf to join or consent to being joined as plaintiffs. No such consent is evident in the present case. It may very well be that other physicians in CT Page 395 the group practices to which the movants belong are opposed to the assertion of contract claims against the defendant.
The individual members' pursuit of remedies affecting the member identification systems for patients served by the professional corporations with which the plaintiffs are affiliated poses a risk of an adjudication that will affect the interests of the professional corporations. For that reason, pursuant to Conn. Gen. Stat. § 52-107, the court orders each plaintiff who makes such a claim to cite in as a party defendant the professional corporation with which he is affiliated.
The court finds no basis in law or logic to require the professional corporations to assert claims. The motion to cite them in as involuntary plaintiffs is therefore denied.
Proposed Amended Complaint
The plaintiffs filed a proposed amended complaint, dated December 18, 2000, with their motion to cite in plaintiffs. The defendant has objected that the proposed complaint includes the same allegations of breach of contract that this court found the movants lacked standing to raise. The purpose of the proposed amended complaint appears to be to assert the interest of the proposed new plaintiffs, the groups that the movants seek to cite in, since the movants did not also file a request for leave to amend the complaint. Since the court has denied the request to cite in, there is no separate issue with regard to amendment of the complaint, and the operative complaint continues to be the one that was at issue with regard to the motion for summary judgment. If the plaintiffs whose names have been omitted from the proposed amended complaint are withdrawing from the case, that change should be accomplished by the filing of a withdrawal of the claims of each such plaintiff.
Conclusion
The motion to cite in involuntary plaintiffs is denied. Each plaintiff who seeks relief with regard to his group's patient membership identification system shall cite in, by January 31, 2001, his professional corporation as a party defendant with regard to their members' claim of breach of the contractual duty to maintain a member identification system. The plaintiffs shall amend their complaint only to the extent only to the extent necessary to comply with this order by January 31, 2001. The return date for any such claim shall be February 13, 2001. The court will dismiss on February 1, 2001, the claim of any of the above-named plaintiffs who fails to cite in his professional group in compliance with this order. CT Page 396
 Beverly J. Hodgson Date Judge of the Superior Court